ADA BORST, RESPONDENT, v. JOHN CROMMIE AND OTHERS, APPELLANTS.

*Support of daughter charged on farm — farm may be sold subject to — right of daughter to choose residence — annual sum allowed for clothes — value of support and clothes, how proved — does not include education.*

Plaintiff's father devised his homestead farm to his three sons, "subject, however, to the liens thereon herein imposed and reservations hereinafter mentioned," and directed that each of his three daughters, of whom the plaintiff was one, "shall be well supported at my dwelling-house, and furnished with good and sufficient food and suitable clothing, by my three sons, George, Clayton and De Witt, during the time she shall remain single and unmarried, which support I hereby make a lien upon my said farm above devised to my said three sons." Plaintiff was so supported until 1873, when the sons sold the farm and the family left. In 1877 she returned, and after living for a time with and at the expense of a tenant of the owner, left, after having made a demand for clothing, which was not furnished to her satisfaction. The

brothers having failed to discharge their obligations under the will, this action was brought to recover for her support and maintenance from 1873, and to have that sum, together with her future support, charged upon the farm or paid from the proceeds of its sale.

*Held*, that the brothers might lawfully sell the farm, subject to the charge in favor of the plaintiff, and give a good title thereto.

That the plaintiff, upon the failure of the brothers to support her, was not bound to live with a tenant of the purchaser, but might select her own place of abode, provided no needless expense was thereby created.

That she was entitled to recover such reasonable sum as it would have cost to support and clothe her at the place and in the manner prescribed in the will; that she could not be compelled to diminish this amount by her own labor and services beyond such as are ordinarily rendered by a member of the family.

That the allowance for clothing might be computed at an annual sum.

That the value of her support and clothing, and the time when they were due, might be ascertained by the evidence of persons acquainted therewith.

*Held*, however, that the cost of the plaintiff's education was not charged upon the farm.

Evidence of the value of the farm and the charges upon it, and of the amount of the testator's property, held to be admissible as tending to show what sum it would be reasonable to allow for her support and clothing.

APPEAL from a judgment in favor of the plaintiff, entered upon the r⁓ ⁓rt of a referee.

The action was brought to have the value of plaintiff's support, which had been charged upon a farm, determined, and to have the farm sold to satisfy the same. Plaintiff's father, by his will, devised his homestead farm to his three sons, "subject, however, to the liens thereon herein imposed and reservations hereinafter mentioned." He also ordered and directed "that each of my daughters, Cynthia, Ann, and Ada (the plaintiff), shall be well supported at my dwelling-house, and furnished with good and sufficient food and suitable clothing, by my three sons, George, Clayton and De Witt, during the time she shall remain single and unmarried, which support I hereby make a lien upon my said farm above devised to my said three sons."

*Henry Smith*, for the appellants. The clause of the will does not create a personal burden that could only be discharged by the sons. (*Wilson* v. *Wilson*, 38 Me., 18; *Simmunds* v. *Simonds*, 3 Met., 552.) Defendants are only bound to support plaintiff on the farm. (*Meakin* v. *Duvall*, 43 Md., 380; *Ogle* v. *Taylor*, 1 Md. Law Rec., 73; *Hawley* v. *Morton*, 23 Barb., 255; *Converse*

v. *McArthur*, 17 id., 410; *McKillip* v. *McKillip*, 8 id., 552; *Pool* v. *Pool*, 1 Hill. 580; *Holmes* v. *Fisher*, 13 N. H., 1; *Howe* v. *Howe*, 10 id., 88.) The plaintiff was not entitled to commutation for the time she was living away from the homestead and not supported by defendants. (*Meakin* v. *Duvall, supra; Ogle* v. *Taylor*, 1 Md. Law Rec., 73.)

*J. E. Dewey,* for the respondent. The provision, for Ada's support, was a personal trust and confidence reposed in her brothers; and the duties enjoined upon them and charged upon the farm, and which, by accepting the devise, they agreed to perform, were for their personal services, and were not the subject of assignment or substitution. (*Robson & Sharpe* v. *Drummond*, 2 B. & A., 303; *Henritty* v. *McGuire*, 6 N. Y. W. Dig., 393, first department, INGALLS, J.; *Boston Ice Co.* v. *Potter*, 123 Mass., 28, 30; Story on Bailments, § 428; Story on Agency, §§ 12–15; *Planche* v. *Colburn,* 8 Bingh., 14; *S. C.,* aff'd, 5 Carr & P., 58; Chitty on Cont., 447–449, 570–571; *Schmaling* v. *Toml on*, 6 Taunt., 147.) It is, however, directly and fully settled by authority, that compensation, in lieu of past and future support, will be adjudged where the language contemplates, or the circumstances indicate a personal trust or duty, which those, in whom it is reposed, have violated, by refusing or omitting its performance; or where they have rendered themselves incapable of performing such duty by selling and transferring the land, which is subject to the charge; and have thereby subjected the beneficiaries to the necessity of either finding a home among strangers, or of supporting themselves elsewhere and receiving compensation equivalent to the support intended. (*Clinton* v. *Fly*, 1 Fairf. R. [Me.], 292, 296–297; *Flanders* v. *Lamphear*, 9 N. H., 201, 203–204; *Eastman* v. *Batchelder*, 36 id., 141, 148, 149–152; *Bethlehem* v. *Annis*, 40 id., 34, 41–44; *Hoyt* v. *Bradley*, 27 Me. R., 242; *Wilder* v. *Whittemore*, 15 Mass. R., 262–263; *Stillwell* v. *Pease*, 3 Green Ch. R. [N. J.], 74; *Ripple* v. *Ripple*, 1 Rawle R. [Pa.], 386; *Donnelly* v. *Edellen*, 40 Md. R., 117–123; *Meakin* v. *Duvall*, 43 id., 372, 382; *McKillip* v. *McKillip*, 8 Barb., 556–557; *Loomis* v. *Loomis*, 35 id., 624; *Tolley* v. *Greene*, 2 Sandf. Ch., 91; *Crocker* v. *Crocker*, 11 Pick., 252; *Thayer* v. *Richards*, 19 id.,

398.) No demand was necessary after the devisees had, by their transfer, become unable to perform the duty enjoined. (2 All., 548; 23 Barb., 255, 259; 20 Pick., 43, 51; 8 Bingh., 14; 107 Mass. R., 474, 481; 25 N. Y., 194, 196–199, 202–203.) A lack, or want of support, is a proper subject for compensation, past or future. And, so held, in cases where the premises, charged with such support, were sold to strangers. (*Austin* v. *Austin & Raymond*, 9 Verm. R., 420, 422; *Ferguson* v. *Kimball*, 3 Barb. Ch., R., 616, 617–618; *Conant* v. *Stratton*, 107 Mass. R., 474; *Forman* v. *Whitney*, 2 Keyes, 165.) The proper amount for past or future support must depend upon, and be according to her condition in life as it was or would have been if her father had lived and his condition had remained the same as at the making of the will. (11 Pick., 256, 258; 3 Sandf. Ch., 120, 130; 2 id., 91, 94–95; *Willet* v. *Carroll*, 13 Md., 459; 35 Barb., 629; *Ferguson* v. *Kimball*, 3 Barb. Ch., 617–618; *Redmond* v. *Borroughs*, 63 N. C., 242; *Forman* v. *Whitney*, 2 Keyes, 165, 168; *S. C.*, 2 Abb. Ct. of App. Dec., 163, 166; *Matter of Burke*, 4 Sandf. Ch., 617, 619, 620.) Even if fully able, she was not bound to support herself by her labor, or by any other means she may have had. (17 Barb., 482, 487; 11 Pick., 256, 257; 19 id., 399; 2 Keyes, 168; 2 Abb. Dec., 163, 165, 166.)

BOARDMAN, J. :

By Henry Borst's will, he gave to his three sons his homestead farm, "subject to the liens thereon therein imposed and reservations thereinafter mentioned." By a subsequent clause, he directed and ordered that his daughter Ada, the plaintiff, should be well supported at his dwelling-house, and furnished with good and sufficient food and suitable clothing by his said three sons, during the time she should remain single, which support he made a lien upon said farm devised to his three sons. She was so supported at such dwelling-house until May, 1873, when, by reason of the sale of the farm by the three sons, the family removed to Brooklyn. In 1877, she returned to the farm, and, for a short time, lived there with a tenant of the owner, and at his expense. The plaintiff then left of her own volition, after having made a demand for clothing, which was not supplied to her satisfaction. This

action is then brought by the plaintiff to recover for her support and maintenance from May, 1873 ; that the same should be charged upon the farm ; that the farm should be sold to pay for such support in the past ; that the amount of her support for the future should be determined, and that the same should be charged upon the farm and be paid by its owners or out of its proceeds. The plaintiff recovered in the action, and the owners of the farm appeal, claiming that the obligation imposed by the will was not to be personally discharged by the three brothers, and that the defendants were only bound to support the plaintiff, at the homestead of the deceased, on said farm.

The rights of these parties are to be determined by the language of the will, as the expression of the intention of the testator. Doubtless the expectation was that the farm would remain the property of the sons, and that plaintiff would live with them, in the old homestead, until she married or died. But, by reason of the sale of the farm, such a performance became impracticable. I think, after that change, it became the primary duty of the three brothers still to support the plaintiff, while the charge upon the farm would remain as a security for such support. I do not think they were bound to support her at the testator's dwelling-house after they had ceased to own it. But they might lawfully have fulfilled their duty by making provisions for her support at that place. The essence of the intention was, that the plaintiff should have her support at the expense of her brothers, who had received the larger share of the property. But the brothers might, in like manner, have provided for her support, after the sale of the farm, in their own families, or elsewhere, so long as they gave the kind and quality of support required by the will. The three brothers could not be required to live together, so that the plaintiff might live with them, nor could they be expected jointly to occupy the farm for the same purpose. The obligation was not so far personal as to compel the support of plaintiff in their families ; nor do I think it was so free from personal considerations that the owners of the farm could elect to board her upon the farm, and compel her to accept that or nothing. In buying the farm, it must be assumed they estimated the possible obligation they assumed, and hence it will be no hardship to require them

to discharge it in money. But it does not appear that the three brothers are unable or unwilling to support the plaintiff, or that she has been unable to secure her support from or through them. No question, however, was made upon this point upon the trial, or on this appeal. We shall assume, therefore, that the three brothers have failed and refused to discharge their obligations under the will, whereby the plaintiff is permitted to enforce her equitable lien on the farm of defendants.

We conclude, then, that the brothers might lawfully sell and convey the farm, subject to the charge in favor of the plaintiff, and give a good title thereto. (*Simonds* v. *Simonds*, 3 Metc., 558.) That the plaintiff, upon the failure of her brothers to support her, was not bound to go into the testator's dwelling-house and live there with the tenant of the owners, but might select her own place of abode. (*Crocker* v. *Crocker*, 11 Pick., 252; *Wilder* v. *Whittemore*, 15 Mass., 252; *Stillwell* v. *Pease*, 3 H. W. Green. [N. J.], Rep., 74; *Tope* v. *Tope*, 18 Ohio, 522; *Loomis* v. *Loomis*, 35 Barb., 624; *McKillip* v. *McKillip*, 8 id., 556.) That in enforcing her lien the plaintiff is entitled to recover such reasonable sum as it would have cost to support and clothe her at the place and in the manner prescribed in the will — that is, as one of the household in the testator's surviving family; that beyond the services so ordinarily rendered by a member of the family, the plaintiff cannot be required to diminish the charge upon the land by her own labor or money, nor should the extent of defendants' liability be diminished thereby. (*Crocker* v. *Crocker*, *ante*; *Thayer* v. *Richards*, 19 Pick, 398.) That the allowance for clothing may be computed at an annual sum. (*Conant* v. *Stratton*, 107 Mass., 474.) That the value of plaintiff's support and clothing at the place where, and at the time when, and under the circumstances under which said support and clothing were due, may be ascertained by the evidence of persons acquainted therewith; but if she selects her own abode, she shall create no needless expense, nor be allowed any sum beyond that necessary to a strict compliance with the requirements of the will. (*Wilder* v. *Whittemore*, *ante*; *Tope* v. *Tope*, *ante*.)

These suggestions dispose of the general principles of law applicable to this cause of action.

Upon the trial the plaintiff proved, under objection, what it would cost to send her away to school. This element of damages does not arise from any breach of the conditions contained in the will. The farm was not charged with the cost of plaintiff's education. Her support, good and sufficient food and clothing, were to be furnished by the three brothers, "which support" was made a lien upon the farm devised. By no fair construction of the will can the charge be made to include the plaintiff's education. The learned referee erred in admitting this evidence, and including the value of plaintiff's education, as we must assume he did, as an element of damages which plaintiff was entitled to recover. For this reason the judgment must be reversed.

By the findings of the referee it appears the net income of the farm devised to the three sons is less than $400 per annum. Yet more than the entire net income of the farm is given to the plaintiff by this judgment. It is not, perhaps, necessary to review such a question of fact upon conflicting evidence, which varies in estimates from $200 to $500. But, when it is considered that this farm was charged by testator's will with the support and clothing of his widow, Maria, during widowhood, and his two daughters, Cynthia and the plaintiff, until married, we must hesitate to believe it was the intention of the testator to impose so heavy a burden as is indicated by this decision upon his three sons. In view of the value of the farm and the reasonable cost of support, as indicated by this judgment, it would not take many years to extinguish and wipe out all of the interest of the three sons under the devise in the will. This, however, is rather a circumstance tending to show the intention of the testator, the nature, purpose and extent of the maintenance to be given, and is only of value in determining the allowance to be made.

But, without relying upon this consideration, we think, for the error above stated, the judgment should be reversed, the referee discharged, and a new trial granted, with costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, reference discharged, costs to abide event.