JOSEPH R. McCOOLE, JUDGE OF PROBATE *vs.* HERBERT B. MACKINTOSH.

Norfolk. February 4, 1929. — April 11, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Trust*, Negligence of trustee, Accounts, Action on bond. *Evidence*, Competency. *Practice, Civil*, Exceptions. *Probate Court*, Decree. *Waiver*. *Negligence*, Of trustee.

Upon a petition by one of the beneficiaries of a trust established under a will, a probate court authorized the petitioner to bring an action in the name of the judge against the trustee on his bond, which was in the common form, "for the recovery of any and all damages sustained by the maladministration of . . . [the trustee]." The declaration in such action contained allegations that the trustee had not filed annual accounts as required by the bond; that he did not settle the estate and turn over the property held by him to the persons entitled thereto at the time specified in the will; and that he "so grossly mismanaged said estate that the assets greatly depreciated in value." The plaintiff waived the allegations relating to the defendant's failure to file accounts. A judge hearing the action without a jury made findings substantially in accord with the allegations of mismanagement by the defendant, found the total amount of damage resulting to the trust estate therefrom and the amount suffered by the petitioner; ruled that "recovery cannot be had . . . for

damage . . . to other beneficiaries than . . . [the petitioner]," and that the "plaintiff is entitled to recover . . . the damage sustained by . . . [the petitioner]"; and directed execution to issue for that sum "for the use of" the petitioner. *Held*, that the rulings were proper under G. L. c. 205, §§ 23 *et seq.*

The will concerned in the action above described directed the trustee to pay the income of the trust to certain beneficiaries during their lives, and, upon the death of the survivor of them, to distribute the principal to certain persons. The trustee was authorized by the will to sell the trust property at any time with the consent of the persons then entitled to the income of the trust. The defendant was appointed succeeding trustee in March, 1902, and filed an inventory listing real estate valued at $5,500 and personal property valued at about $1,600. The last survivor of the life beneficiaries died in May, 1905. There was thereafter a general desire on the part of those entitled to the principal for a distribution of the trust estate, although certain of the remaindermen at times objected to particular proposals for distribution and to a sale of the real estate proposed by the defendant. The defendant filed accounts, relating to personalty only, for periods up to 1913, which were allowed. Other accounts filed by him in 1922 and 1924 had not been allowed. He at no time attempted to terminate the trust or to make distribution. The real estate was sold by him in 1921 for $1,425 under a license from the Probate Court, subject to a mortgage for $165 given by him. At the time of the trial of the action, several years later, it appeared that the total value of the trust estate, including the proceeds of the real estate, was about $650. The judge found that a period of two years after 1905 would have been ample to terminate the trust and distribute the property; that the defendant's failure to do so was unreasonable; that he had not acted in good faith; and that there had been a breach of the condition of his bond specifying that he would "manage and dispose of" the trust estate and "faithfully discharge his trust in relation thereto, according to law and to the will." *Held*, that

(1) There was no error in the admission in evidence of the final account of the defendant's predecessor solely "as showing the story of the estate prior to the appointment of the defendant";

(2) The defendant was not prejudiced in the circumstances by the admission of the sale price, after 1922, of land adjacent to the land held in trust; nor by the admission of a copy of a letter alleged to have been sent to him in 1905, if, after having been notified to produce the original at the trial, he stated that he had been unable to find it;

(3) The finding that there had been a breach of the condition of the bond as to the defendant's management of the property was warranted; and the judge properly refused a request by the defendant for a ruling that the plaintiff, having waived any claim for breach of the condition as to the filing of accounts by the defendant, could not recover;

(4) The judge properly refused to rule that the allowance of the defendant's accounts for the period up to 1913 "ratified . . . his act

in keeping the trust estate open to that time" and constituted a waiver of any breach of his bond on account of his "acts and doings" set forth in the accounts;

(5) The granting of the license to sell the real estate in 1921 was not a waiver of any breach of the condition of the bond, nor an excuse for delaying in applying for the license for sixteen years after the death of the last life beneficiary;

(6) In view of the defendant's testimony as to the then value of the assets in his hands, the judge properly refused a request by the defendant that the action would not lie for loss to the estate as to the personalty because there had not yet been a sale of that and a sale "might conceivably realize the inventory value";

(7) The defendant's conduct could not be excused on the ground that he "felt satisfied in his own mind that he could not get an order through the Probate Court to sell, over the objection of a substantial dissenting interest";

(8) A contention by the defendant, that the action was brought prematurely because the Probate Court had not passed on his fourth and fifth accounts, nor upon any final account, was without merit;

(9) There was no merit in contentions by the defendant that there had been a waiver of a right of action upon the bond.

CONTRACT upon a bond given by the defendant as trustee under the will of Sarah B. Ackerman, late of Franklin. Writ dated July 18, 1924.

The action was heard in the Superior Court without a jury by *Donahue*, J., who made findings and rulings as described in the opinion. Both parties alleged exceptions. The defendant's fourth account showed the sale of the real estate. The second condition of the defendant's bond was that he should "manage and dispose of all . . . [the trust] estate, and faithfully discharge his trust in relation thereto, according to law and to the will of said testatrix"; and the third condition was that he would render an account each year until his trust was fulfilled. Certain of the defendant's requests for rulings were as follows:

"4. The allowance by the Probate Court for said county of the trustee's first three accounts, covering the receipts, and the disbursements, payments, charges and doings of the trustee, from the date of his appointment, to April 28, 1913, after citation and notices to all the beneficiaries thereof, ratified all the payments, charges, and distributions appearing in said accounts, and also the trustee's acts referred to therein, and his act in keeping the trust estate open to that

time, and any breach in the condition of his bond, if any, for not transferring or paying over the principal of the trust estate to the beneficiaries up to that time, and waived any such breach of said bond, and any breach for all the acts and doings of the said trustee set forth in said accounts."

"7. The decree of the Probate Court dated October 6, 1924, authorizing the sale by the trustee of the stocks and bond belonging to said estate and constituting the remaining principal thereof, is a waiver and ratification by the Probate Court of any breach of the trustee's bond for not selling said personal property before the date of said decree, providing he effects a sale under the terms of and within the time allowed by said decree, of said personal property, and said decree is in good faith complied with.

"8. The sale of the remaining principal of the trust estate under the decree of the Probate Court dated October 6, 1924, referred to in request number 7, might conceivably realize the inventory value, as to the stock in question, and until there has been a sale under said decree showing a loss to the estate, which there has not yet been, an action for loss to the estate on the stock under the defendant's probate bond, will not lie."

"13. If the beneficiaries entitled to take under the will on the death of the last survivor, knew that the trustee of this estate was holding out to get $6,000 net for the real estate, from the time of death of last survivor, until the judge of probate ordered the sale, and said beneficiaries wanted and expected him to do so, and had acquiesced for a long time in his keeping the estate from distribution until he could realize the sum, their acquiescence in his so doing, would waive their right to object thereto.

"14. This action begun before the defendant has filed a final account, and before a final decree has been entered by the Probate Court on a fourth and fifth account of the trustee, which has been filed, and which fourth account accounts for the receipt and payment of all the proceeds realized by the trustee from the sale of all the real estate of the trust at public auction under said license of the Probate Court dated December 1, 1920, which real estate consti-

tuted the principal item in the amount of the principal of the trust estate, alleging as the breach of the bond gross mismanagement of the estate whereby the assets shrank, and the failure to perform his duties according to law and the will of the testatrix, and in selling and distributing after the death of the last survivor all the property and estate due from him, is prematurely brought.

"15. An action cannot be maintained on the trustee's bond for his failure to turn over all the estate due from him to the persons entitled thereto, after the death of the last survivor until the Probate Court shall have passed upon his final account, or upon his fourth and fifth accounts filed, or upon the fourth account, at least, and entered a decision thereon, said fourth account dealing with the receipt and disbursement by said trustee of all the proceeds of all the real estate of the principal of the trust sold at public auction under license of the Probate Court for said county and in full compliance therewith. Said action is prematurely brought, and after this hearing disclosing such facts, judgment must be entered for the defendant, for the reason the question whether anything was due from the defendant as trustee, and if so how much was due, were within the exclusive jurisdiction of the Probate Court."

*J. B. O'Hare*, (*J. H. Baldwin* with him,) for the plaintiff.
*H. B. Mackintosh*, pro se.

PIERCE, J. This is an action against the defendant, as principal on a trustee's probate bond, brought under the provisions of G. L. c. 205, §§ 23, 29, by a beneficiary upon the authorization of the judge of probate for the county of Norfolk. The case comes before us on two bills of exceptions, one by the plaintiff, the other by the defendant.

The trial judge found that "The plaintiff is entitled to recover in this suit the damage sustained by Eben Z. Parker [the beneficiary] through the maladministration of the defendant, in not terminating the trust," and found "That damage . . . to be one twelfth of the sum of $4,450, the total loss resulting from the maladministration of the defendant, namely, $370.83"; and he directed "that execution issue

for that sum with interest and costs, for the use of Eben Z. Parker."

The decree of the judge of probate upon the petition of Eben Z. Parker "to bring an action in the Superior Court on the bond of . . . [Herbert B. Mackintosh] trustee in the name of the Judge of the Probate Court" reads: "It is decreed that the petitioner be and he is hereby authorized to bring an action in the Superior Court on the bond of the said Herbert B. Mackintosh in the name of the Judge of the Probate Court, for the recovery of any and all damages sustained by the maladministration of said Herbert B. Mackintosh." G. L. c. 205, § 29, reads: "A bond given by a . . . trustee may be put in suit by order of the Probate Court for the benefit of any person interested in the estate, and the proceedings in such action shall be conducted in like manner as is provided relative to actions on bonds given by executors or administrators." Section 30 provides for the venue of actions on bonds of trustees. Section 31, so far as applicable to the petition and decree in this case, provides: "If the court finds that there has been a breach of condition of the bond . . . it shall, upon a hearing in equity, award execution in the name of the plaintiff as follows: . . . Third, If the action is brought for a breach of the condition in not accounting for the estate as required by law, execution shall be awarded, without expressing that it is for the use of any person, for the full value of all the estate of the deceased which has come to the hands of the executor or administrator [trustee] and for which he does not satisfactorily account, and for all damages caused by his neglect or maladministration. Fourth, If the action is brought for any other breach of the condition of the bond, execution shall be awarded for such amount and for the use of such person or persons, or without expressing it to be for the use of any particular person, as the court determines."

In *Conant* v. *Stratton*, 107 Mass. 474, 484, the court said that the provisions of Gen. Sts. c. 101, § 28, clause Fourth (now in part in G. L. c. 205, § 31, clause Third) import that the execution to be issued under that section shall be for the

entire amount of all the estate remaining in the executor's hands, and are "intended for the case of the removal of an unfaithful executor [trustee] from his trust, and the substitution of another in his stead"; citing *Bennett* v. *Russell*, 2 Allen, 537. *Choate* v. *Arrington*, 116 Mass. 552.

G. L. c. 205, § 23, provides for an action by a person aggrieved by the maladministration of an executor (trustee). It was said in *Chapin* v. *Waters*, 110 Mass. 195, 199 (referring to Gen. Sts. c. 101, § 22, now G. L. c. 205, § 23), that the provisions of the section were "intended to meet the case of a wrong done, by the executor's [trustee's] maladministration, to any individual interested in the estate, and were not intended to be confined to the case of a general wrong to all persons interested, or to any particular class of persons whose rights have been disregarded. The suit is to be brought upon the representation of any person interested. It may be brought for the general benefit of all parties interested." G. L. c. 205, § 34, provides that if, after judgment rendered, there should be a new breach of the conditions "or if a creditor, next of kin, legatee or other person interested in the estate has a claim for further damages on account of any neglect or maladministration of the executor . . . [trustee] a writ of scire facias on the original judgment may be sued out in like manner as is provided for the commencement of the original action," and of this provision it is said in *Chapin* v. *Waters, supra*, "These provisions certainly furnish a strong implication that in the original suit such parties may have execution for special damages to their respective particular interests."

The bond in suit is in the common form. The declaration alleged breaches of the bond in that the trustee has not managed and disposed of the estate held by him as trustee, and has not faithfully discharged his trust in relation thereto according to law and the will of the testator; that he has not filed a true account of the property in his hands at least once a year (this charge was waived at the trial); that he has neglected and refused to obey a decree of the Probate Court that he should file an account on or before December 7, 1921; and "that the said Herbert B. Mackintosh at the expiration

of his trust upon the death of the last survivor named in said will [of Sarah B. Akerman deceased] did not settle his account in said Court and has not paid over or delivered the estate remaining in his hands or due from him on such settlement to the person or persons entitled thereto and said Herbert B. Mackintosh so grossly mismanaged said estate that the assets greatly depreciated in value whereby an action has accrued to the plaintiff to recover from the defendant the amount of said bond." In substance, the defendant's answer admits his appointment as trustee under the will of Sarah B. Akerman in March, 1902, denies "every other allegation," and asserts that all the "alleged breaches, if any, were by . . . acts, ratification, consent and concurrence as aforesaid, cured, waived, ratified, and confirmed, so that this plaintiff, and said beneficiaries are now estopped, barred by laches, waiver, acquiescence and ratification from recovery therefor." All the evidence material to the issues raised by either bill of exceptions is contained in the bills of exceptions.

The pertinent facts therein stated are as follows: March 5, 1902, the defendant was appointed trustee under the eighth clause of the will of Sarah B. Akerman, who died March 28, 1888, to succeed one Martin, resigned. He filed the trustee's bond in suit and an inventory which showed real estate worth $5,500 and personal property of the value of $1,616.33. The eighth clause of the will devised and bequeathed to the trustee nominated therein the real estate and "all the rest, residue and remainder" of the estate in trust for the following uses and purposes: "to pay the net income thereof as it shall be received, in equal shares to my nephew, William A. Sanger of said Boston, to my niece Harriet H. Parker of said Sandwich, to my nephew, the said Frank P. Guigon, and to my nephew, Henry M. Hall of Brookline, in Norfolk County, and to the survivor of them so long as either of them shall live; and upon the decease of the last survivor of them, to terminate said trust and convey, pay, and make over absolutely, the principal of the trust estate held under this eighth clause, as follows, viz: — One-sixth part thereof to the heirs-at-law of said William A. Sanger; one-sixth part thereof to the heirs-at-law of said Harriet H. Parker; one-

third part thereof to the heirs-at-law of said Frank P. Guigon; and one-third part thereof to the heirs-at-law of said Henry M. Hall. I fully authorize and empower the Trustee hereunder to sell and convey the whole or any part of the real or personal estate at any time belonging to said trust, upon obtaining the written consent thereto of all parties who at the time of such sale and conveyance are entitled to the income of said trust estate." At the time of the appointment of the defendant (March 5, 1902) all but one of the life beneficiaries designated in the eighth clause of the will had deceased. The last survivor, Henry M. Hall, died May 2, 1905.

With the exception of $209 distributed by the defendant out of income received, the remaindermen have been paid nothing by the defendant trustee. The real estate inventoried in 1902 at $5,500 was sold in 1921 under decree of the Probate Court for $1,425 subject to a mortgage of $165 given by the defendant trustee. At the trial the defendant testified that the total trust fund in his hands, including what remained of the proceeds of the real estate, consisted of securities of the value of $640 to $670. The defendant filed a first account covering the period March 5, 1902, to April 22, 1905, a second account covering the period April 27, 1905, to March 27, 1908, and a third account covering the period March 28, 1908, to March 28, 1913, which were allowed by the Probate Court. The third account, which was the last account of the trustee that has been allowed, shows a balance of principal of the personal estate of $1,589.50 and a balance of income of $648.23. The defendant filed a fourth account on January 12, 1922, and a fifth account on October 17, 1924, neither of which has been allowed.

The reported evidence supports the findings of the trial judge which are as follows: The defendant, who is an attorney with some experience in handling estates, is related to most of the remaindermen and they had confidence in him at the beginning of his trusteeship. There was a general desire on the part of the remaindermen, following the death of the last life beneficiary, to have the trust terminated, although certain of them refused in 1905 to agree to a sale of the real estate at $4,500 when the trustee had an offer of that sum,

and later, in 1907 or 1908, one of them refused to agree to a proposal to have the real estate deeded among the remaindermen in distribution. Certain of the remaindermen from 1905 on urged a distribution of the estate. The real estate consisted of nine hundred ninety-five square feet of land with a building thereon. Rent was received from the building as late as 1915, but the building required repair from time to time. The exercise of sound discretion on the part of a trustee holding such real estate in 1905 required its sale. The defendant made no serious effort to terminate the trust, and made no substantial distribution of the personal estate in his hands. He did not exercise good faith or sound discretion in his administration of the trust. A period of two years after the death of the last life beneficiary would have been ample time within which to terminate the trust and distribute the estate in accordance with the provision of the will, and his delay in terminating the trust after March 2, 1907, was unreasonable. The judge further found that there has been a breach by the defendant trustee of the second condition of the bond in that he did not manage and dispose of the real and personal estate held by him and faithfully discharge his trust in relation thereto according to the law and the will of the testatrix. He ruled that "On the pleadings and the petition and decree of the Probate Court authorizing the bringing of an action . . . recovery cannot be had in this suit for damage resulting from the maladministration of the defendant to other beneficiaries than Eben Z. Parker." The plaintiff's exception to this ruling must be overruled for the reasons given in the cases of *Conant* v. *Stratton, supra, Chapin* v. *Waters, supra, Choate* v. *Arrington, supra.*

The admission of the final account of Albert H. Martin, the defendant's predecessor in the trust ending February 4, 1902, was not prejudicial to the defendant. It was admitted "not as evidence of the value of the Atchison, Topeka and Santa Fé stock but as showing the story of the estate prior to the appointment of the defendant on March 5, 1902." It must be assumed that the trial judge in considering the evidence offered by this account observed the limitation put upon its evidential value and did not resort to it as a means

of "fixing the value of the property of the estate," as the defendant contends. The exception of the defendant must be overruled.

The second exception of the defendant to the admission of evidence as to the sale price of adjacent land with a building thereon after December, 1922, is overruled. It was not prejudicial because as the defendant contends the judge might have inferred from it that the real estate of the trust had a greater value on the death of the last survivor in 1905, and since that time to May 31, 1921, than it actually had. There is nothing in the record to warrant an inference that the evidence was offered, received or considered, as having any evidential value in proof or disproof of the defendant's good faith or lack of sound discretion in the administration of the trust.

The defendant excepted to the admission of a copy of part of a letter alleged to have been sent to him in 1905. He had been notified to produce the original letter, and he stated at the trial that he could not find it. *McKay* v. *Myers*, 168 Mass. 312. Upon the finding of the judge it is obvious that the defendant was not harmed by the admission of this evidence. The exception is overruled.

The defendant's requests numbered one, two and three, in substance that the plaintiff, having waived by stipulation the third condition of the defendant's probate bond, could not recover, were denied rightly. The evidence reported is ample to sustain the finding that there had been a breach of the second condition of the bond in that the defendant trustee did not manage and dispose of the real and personal estate held by him and faithfully discharge his trust in relation thereto according to law and the will of the testatrix.

The fourth request was denied rightly. The three accounts contained no item relating to the real property. The personal property was itemized at appraisal value. The questions of the terminating of the trust and making distribution, and of the acts of the trustee in relation to distribution, were not presented to the court on this account and were not acted upon by the court.

The defendant's fifth request, in substance that the sale of

the real estate on May 31, 1921, in compliance with the order of the Probate Court was an act of the trustee under the authority of the Probate Court and that "such license . . . waived any breach of the condition of said bond for mismanagement in not realizing more for the property, or for not selling earlier," was denied rightly.  A sale under a license of the Probate Court sixteen years after the death of the last life beneficiary offered no excuse for negligence on the part of the defendant in not having made an application for a license sooner.  Request numbered six in substance raises a question similar to request numbered five and was denied rightly. Request numbered seven relates to a probate license to sell personal property, and in substance raises the same question of law as do requests five and six.   It was denied rightly.

The request numbered eight was denied rightly.   The defendant testified at the trial that the assets were worth $640 to $670, including the proceeds of the real estate, against an appraisal value of something over $1,600 for the personal property.   Request numbered nine was denied rightly.   The fact that "the trustee felt satisfied in his own mind that he could not get an order through the Probate Court to sell, over the objection of a substantial dissenting interest," was not a legal excuse for his not bringing a petition in the Probate Court to sell the property.   The tenth request was properly refused.   The facts upon which it was predicated are contrary to those found by the trial judge, and more specifically to his finding that the defendant acted in bad faith and did not use sound discretion in the matter of keeping the estate intact.   Requests numbered eleven and twelve were denied rightly, when they are  considered in their relation to the actual facts found by the trial judge.   The requests numbered thirteen, fourteen and fifteen, could not properly have been given.   The facts found by the trial judge are conclusive against the defendant's claim of waiver, and the provisions of G. L. c. 205, in the sections above referred to authorized the action on the bond by the beneficiary for his own use.

It follows that the exceptions of the plaintiff and defendant are overruled.

*So ordered.*