JOSEPH R. McCOOLE *vs.* HERBERT B. MACKINTOSH.

Norfolk. February 9, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Scire Facias. Trust,* Maladministration. *Limitations, Statute of. Probate Court,* Bond of trustee. *Res Judicata. Practice, Civil,* Exceptions.

A writ of scire facias against a trustee, sued out under the provisions of G. L. (Ter. Ed.) c. 205, §§ 34, 29, is a judicial writ in its principal characteristics, is deemed to be the act of the court and its officers, and need not narrate the evidence by which it may be sustained nor negative possible defences.

One of two heirs of one of the ultimate beneficiaries under a trust, under authority given by a probate court, seventeen years after a breach by the trustee of a condition of his bond, brought an action upon the bond in the Superior Court in the name of the judge of probate which was heard by a judge without a jury, who found for the plaintiff in

the penal sum of the bond and ordered execution in favor of the claimant for the amount of damage sustained by him, and also ruled that, upon the pleadings and a petition and decree of the Probate Court authorizing the bringing of the action, recovery could not be had in that action for damages sustained by beneficiaries other than that claimant; and his rulings were affirmed by this court on exceptions by both parties. Execution was issued accordingly for that claimant and was returned satisfied twenty-two years after the breach of the bond. Three years later the administrator of the estate of the other heir at law of the same beneficiary, without first procuring a decree of the Probate Court, sued out a writ of scire facias under G. L. (Ter. Ed.) c. 205, §§ 34, 29, seeking an execution for the damages sustained by his intestate by reason of the same breach of the trustee's bond. The action was heard by a judge without a jury, who found for the plaintiff and ordered the issuance of execution as prayed for. Upon exceptions by the defendant, it was *held,* that

(1) The scire facias was not an action on the bond, but was a proceeding to collect the amount due the plaintiff in equity and good conscience on the judgment previously entered on the bond for its penal sum;

(2) The object of the action upon the bond was to obtain a judgment to secure the rights and protect the interests of all those affected by the breach alleged; and, the scire facias having been begun within twenty years after judgment in the action upon the bond, it was not barred by any statute of limitation;

(3) The statute of limitation applicable to the scire facias was § 20 of G. L. (Ter. Ed.) c. 260, not § 1, First, of that chapter nor § 49 of c. 246;

(4) The plaintiff in scire facias, as administrator of the estate of an heir of one of the ultimate beneficiaries under the trust, was within the class for whose benefit scire facias might issue under G. L. (Ter. Ed.) c. 205, §§ 34, 29;

(5) The circumstance, that this plaintiff in scire facias did not obtain leave of the Probate Court to bring an action on the bond before the original action thereon was brought, was no bar to the scire facias;

(6) The plaintiff's right to bring the scire facias was not made *res judicata* nor barred by the decision of this court affirming the ruling by the judge who heard the action on the trustee's bond, that, on the record in that action, execution could not issue for the benefit of any beneficiary other than the one who by decree of the Probate Court was given leave to prosecute that action.

No exception lies to a failure by a trial judge to rule concerning matters with respect to which no request for ruling was made.

SCIRE FACIAS, dated January 15, 1932.

The substance of the writ was as follows:

"WHEREAS, Joseph R. McCoole, Judge of Probate for Norfolk County by the consideration of our Justices of

our Superior Court, holden at Dedham, for and within our said County of Norfolk, on the sixth day of May in the year of our Lord one thousand nine hundred and twenty-nine, recovered judgment against Herbert B. Mackintosh the sum of TEN THOUSAND dollars and no cents, debt or damage, whereof the said Herbert B. Mackintosh convict, as to us appears or record: and although judgment be thereof rendered Joseph R. McCoole, Judge of Probate for Norfolk County, has not had execution on the said judgment for the use of George Hoxie, Administrator of the Estate of Carrie Hoxie, who, by the terms of the judgment and finding was entitled to execution in the sum of $370.83 and interest at 6% per annum from March 2, 1907, amounting in all to $937.38, whereof the said Joseph R. McCoole, Judge of Probate for Norfolk County, for the use of George Hoxie, administrator of the estate of Carrie Hoxie, has made application to us to provide remedy for him in that behalf; Now, to the end that justice be done, WE COMMAND you that you make known unto said Herbert B. Mackintosh that he be before our Justices of our said Superior Court, to be holden at Dedham, within and for said County of Norfolk, on the first Monday of February next, to show cause (if any he has), wherefore the said Joseph R. McCoole, Judge of Probate for Norfolk County, for the use of George Hoxie, administrator of the estate of Carrie Hoxie, ought not to have execution against him the said Herbert B. Mackintosh for $937.38 debt or damage, and costs aforesaid; and further do and receive that which our said Court shall then consider; and there and then have you this Writ, with your doings therein. Herein fail not."

A motion "to dismiss or quash" the writ was heard by *Collins,* J., and was denied, and the defendant appealed.

A demurrer, as amended, was heard by *Weed,* J., and was overruled; and the defendant appealed.

The action was heard upon the merits by *Fosdick,* J., without a jury. The entire decision by *Donahue,* J., in the action upon the defendant's bond as trustee was in evidence. It included the following ruling: "On the plead-

ings and the petition and decree of the Probate Court authorizing the bringing of an action I rule that recovery cannot be had in this suit for damage resulting from the maladministration of the defendant to other beneficiaries than Eben Z. Parker." This ruling, upon exception by the plaintiff, was affirmed in the decision of this court reported in 267 Mass. 86, at page 95.

Other material facts are described in the opinion. The judge ordered issuance of an execution "for the use of George P. Hoxie as he is the administrator of the estate of Carrie A. P. Hoxie in the sum of $950.25 damages and for the plaintiff's costs, said damages being made up of the sum of $370.83, which is one twelfth of the loss which the remaindermen sustained as found in . . . [the action upon the defendant's bond as trustee] . . . plus interest thereon at six percent a year from March 2, 1907."

The defendant alleged exceptions.

*W. R. Bigelow & H. B. Mackintosh,* for the defendant.

*J. B. O'Hare,* for the plaintiff.

RUGG, C.J. This is a writ of scire facias. The defendant filed a motion to "dismiss or quash" which was denied and a demurrer which was overruled. The writ of scire facias was in the usual form and dated on January 15, 1932. It set out that the plaintiff in his capacity as judge of probate recovered judgment against the defendant in the sum of $10,000 on May 6, 1929, that the plaintiff has not had execution on that judgment for the use of the present claimant for the amount found due to him, and prayed for relief. The writ of scire facias is a judicial writ in its principal characteristics, is deemed to be the act of the court and its officers and, if it contains misrecitals, it is amendable as of course. *M'Gee* v. *Barber,* 14 Pick. 212, 215. *Sigourney* v. *Stockwell,* 4 Met. 518, 521. *Commonwealth* v. *Stebbins,* 4 Gray, 25, 26. The writ need not narrate the evidence by which it may be sustained, or negative possible defences. There was no error in the denial of the motion or the overruling of the demurrer. Every right of the defendant has been preserved by his exceptions.

The pertinent facts shown on the record are these: The plaintiff seeks the issuance to himself for the use of the claimant, George P. Hoxie, as administrator, of an execution on a judgment entered in the Superior Court on May 6, 1929, in favor of the plaintiff for the penal sum of $10,000 against the present defendant. That judgment was entered in an action commenced in July, 1924, to recover for breach of a bond given by the defendant as trustee under the will of Sarah B. Ackerman for the faithful performance of his duties as such trustee. That judgment was entered pursuant to the decision of this court in *McCoole* v. *Mackintosh*, 267 Mass. 86. G. L. (Ter. Ed.) c. 205, §§ 23, 29. That action was prosecuted to judgment under the authority of a decree of the Probate Court by Eben Z. Parker as claimant, who was one of two heirs of one of the remaindermen under the Akerman trust. There was a finding that the total loss to the remaindermen by the maladministration of the defendant was $4,450, and that the loss sustained by Parker alone was one twelfth of that sum. Execution issued on May 13, 1929, for the use of Parker as claimant in that action in a sum somewhat less than $1,000 including interest, and was returned satisfied in full on May 20, 1929. See G. L. (Ter. Ed.) c. 235, §§ 9, 10. The administrator of the estate of Carrie A. P. Hoxie, the other of those two heirs and the sister of Eben Z. Parker, prosecutes the present scire facias. It was not contended at the trial now under review that the defendant was not bound by these findings as to the fact and date of breach of his bond through maladministration in not terminating the trust. The findings and rulings made in the Superior Court in that case were in evidence in the trial of the present case. Those findings were to the effect that the defendant was appointed trustee under the will of Sarah B. Ackerman on March 5, 1902, in succession to an earlier trustee. The trust established by that testatrix was to continue during the lives of named beneficiaries, and was to terminate upon the death of the last survivor of them and then the residue was to be distributed by the trustee among designated remaindermen. The last survivor of the beneficiaries died

on May 2, 1905. Further findings were in these words: "I find there has been a breach by the defendant trustee of the second condition of the bond in that he did not manage and dispose of the real and personal estate held by him and faithfully discharge his trust in relation thereto, according to law and the will of the testatrix. . . . I find that the defendant did not exercise good faith or sound discretion in his administration of the trust. A period of two years after the death of the last life beneficiary would have been ample time within which to terminate the trust and distribute the estate in accordance with the provisions of the will and delay in terminating the trust after March 2, 1907, was unreasonable."

There were introduced in evidence certificate of the appointment in August, 1930, of George P. Hoxie as administrator of the estate of Carrie A. P. Hoxie, late of Raynham in this Commonwealth, and copy of decree of the Probate Court dated in January, 1932, authorizing George P. Hoxie as a beneficiary and interested in the estate of Sarah B. Ackerman to bring an action in the name of the plaintiff on the bond of the defendant as trustee. There was evidence that George P. Hoxie was the son of Carrie A. P. Hoxie. The trial judge found in favor of the plaintiff, ruled that he was entitled to execution for the use of Hoxie as administrator in a specified sum, made up of the loss sustained by the maladministration of the defendant with interest from March 2, 1907, and directed that execution issue accordingly.

The defendant excepted to the denial of numerous requests for rulings and to the ruling that the plaintiff was entitled to recover and alleged other exceptions. At the hearing upon the allowance of the defendant's bill of exceptions the plaintiff presented copy of "a corrected decree for leave to bring suit in this case" which in terms authorized George P. Hoxie as administrator of the estate of his intestate and beneficiary and interested in the estate of Sarah B. Ackerman to bring scire facias on the judgment on the bond of the defendant as trustee. That corrected decree was made after the trial and after the case had been submitted to the trial judge for decision. The trial judge did not pass upon this corrected

decree or admit it in evidence but stated that it ought to be included in the record.

The defendant contends that the action is barred by the statute of limitations. That contention is based on the first subsection of § 1 of G. L. (Ter. Ed.) c. 260, to the effect that actions on contracts under seal shall be commenced only within twenty years after the cause of action accrues. This proceeding is not an action on the bond but scire facias to collect the amount due to the claimant in equity and good conscience on the judgment entered on the bond on May 6, 1929. That judgment was rendered on the bond in favor of the plaintiff as obligee. No further action is being brought on the bond because that judgment was entered for its penal sum. Since that judgment was entered at the instance of a beneficiary of the trust under the Ackerman will standing on precisely the same footing as the present claimant, the statute of limitations ceased to be operative on the bond against this claimant. The action on the bond (which went to judgment on May 6, 1929) was begun before the expiration of twenty years from the date of its breach. The object of that action was to obtain a judgment to secure the rights and protect the interests of all those affected by the breach alleged. *Bennett* v. *Woodman*, 116 Mass. 518, 520. The present claimant has the benefit of the existing situation. The statute of limitations now operative is G. L. (Ter. Ed.) c. 260, § 20, to the effect that a judgment shall be presumed to be paid and satisfied at the expiration of twenty years after it is rendered. Manifestly that does not aid the defendant. His contention as to the statute of limitations cannot be sustained. The present claimant is prosecuting a scire facias under G. L. (Ter. Ed.) c. 205, § 34, which is in these words: "If, after execution has once been awarded in an action upon a bond, the executor or administrator commits a new breach of the condition of the bond, or if a creditor, next of kin, legatee or other person interested in the estate has a claim for further damages on account of any neglect or maladministration of the executor or administrator, a writ of scire facias on the original judgment may be sued out in like manner as is provided for the commencement of the original action; and the

court shall thereupon award a new execution in like manner as might have been done in the original action." That section is by § 29 of the same chapter made applicable to proceedings respecting bonds of trustees. It was established by the judgment of May 6, 1929, that the defendant had committed a breach of his bond and caused a stated loss to the remaindermen under the trust, that the date of the breach was March 2, 1907, and that recovery in that proceeding was limited to the single beneficiary prosecuting. *McCoole* v. *Mackintosh*, 267 Mass. 86. No other execution appears to have issued on that judgment against the defendant. This is also asserted by the defendant in his answer.

Plainly the present claimant as administrator of a remainderman under the Ackerman will falls within the class for whose benefit the writ of scire facias may be sued out under G. L. (Ter. Ed.) c. 205, § 34. He is interested in the Ackerman trust and has a claim for further damages in addition to those awarded to Parker arising out of the same maladministration of the defendant as trustee. He is entitled to proceed in scire facias by the express words of § 34. He is not seeking to recover new damages for a new breach of the bond, but seeks additional damages for the old breach. The circumstance that the present claimant did not obtain leave of the Probate Court to bring an action on the bond before the original action was brought is no bar to the present writ. There is no such condition specified in § 34.

The present writ is not barred by G. L. (Ter. Ed.) c. 246, § 49. That section relates exclusively to proceedings under the trustee process where a person has been adjudged a trustee. It has no relevancy to a scire facias on a judgment rendered against a fiduciary on his bond given to the judge of probate.

It is settled by the judgment of May 6, 1929, that the condition of the bond as affecting the rights of the present claimant was broken. It follows that "all those who can establish a direct interest in that condition will have a right to recover their damages out of the penalty, which, by the judgment, is to stand as security for those who may be prejudiced" by the breach of that condition. By § 34 there

can be no doubt that, after the judge of probate has obtained such a judgment, execution may be awarded to one "who shall satisfactorily prove, that he was entitled to an indemnity out of the penalty of the bond." *Paine* v. *Gill,* 13 Mass. 365, 368–369.

The decision in *McCoole* v. *Mackintosh,* 267 Mass. 86, affords the defendant no protection against the present proceeding. That was an action brought by Eben Z. Parker in the name of the plaintiff on the bond of the defendant as trustee. It was authorized by decree of the Probate Court entered upon petition of Eben Z. Parker. The pleadings in that action and the petition and decree by which the action was authorized were construed to mean that recovery for damages resulting from the maladministration of the defendant to beneficiaries under the trust other than Parker could not be had. But it was not decided that other beneficiaries could not pursue the remedy afforded them to recover damages, resulting to them from the maladministration of the defendant, by scire facias under G. L. (Ter. Ed.) c. 205, § 34, based on the judgment entered on the bond in that action. That question was not before the court at that time. That decision went no further than to hold that upon the pleadings and evidence recovery of damages was confined to Parker alone. The grounds of that decision demonstrate that the fact that the plaintiff in that action endeavored without success to recover damages for other beneficiaries of the trust is no bar to recovery of such damages in appropriate proceedings instituted expressly in behalf of such beneficiaries.

The argument that the decision in that action is *res judicata* against the present claimant is without foundation. The subject there adjudicated is different from that to be adjudicated in the present proceeding. This scire facias, although issued upon an existing record, has some aspects of an original action and is instituted for the enforcement of a right distinct from the issues raised especially for the benefit of the claimant in the original action. *Perkins* v. *Bangs,* 206 Mass. 408, 414.

The defendant did not plead failure of the claimant first to obtain leave of the Probate Court to sue out this writ of

scire facias.  He did not plead insufficiency of the decree authorizing the bringing of the action on the bond, nor object to the admission of that decree.  Objection of want of authority to sue must be "taken in the first stage of the proceedings."  *Fay* v. *Rogers,* 2 Gray, 175, 176.  It has been said that, "when a suit is pending in the name of the judge of probate, his consent to the suit will be presumed until the contrary is shown by pleading."  *Coffin* v. *Jones,* 5 Pick. 61, 63.  *Fay* v. *Rogers,* 2 Gray, 175, 176.  The defendant had no such interest in the matter of granting leave to the present claimant as a beneficiary under the Ackerman trust to sue out a scire facias on the original judgment on the bond as to give him a right to resist the application or to be heard upon it.  He is not entitled to contest the validity of the decree of the Probate Court authorizing it in the circumstances here disclosed.  *Bennett* v. *Woodman,* 116 Mass. 518, 519.  *Fuller* v. *Cushman,* 170 Mass. 286, 288.  It is no objection to the enforcement of the rights of the claimant that his intestate has deceased.  *Richardson* v. *Oakman,* 15 Gray, 57, 59.

The defendant has argued numerous matters including questions of evidence and the allowance of his accounts which are not presented in any form in the bill of exceptions. Those are irrelevant to these exceptions and need not be noticed.

Several exceptions are based on statements that the court "failed to rule" touching divers matters as to which no rulings were requested.  Such exceptions are not in proper form and raise no question of law.  The trial judge performed his duty by passing upon pertinent requests for rulings and deciding the case.

The denial of the defendant's motion further to amend his answer presents no question of law.  Its disposition rested in the sound discretion of the trial judge.

What has been said disposes of all the exceptions taken by the defendant.  No further discussion of them in detail is required.  There was no error of law in the denial of the requests for rulings or in any of the rulings to which exception was saved.

                                        *Exceptions overruled.*