JOSEPH R. McCOOLE, Judge of Probate, *vs.* HERBERT B. MACKINTOSH.

SAME *vs.* SAME.

SAME *vs.* SAME.

Norfolk.    November 14, 1934. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Scire Facias.    Practice, Civil,* Parties, Amendment.

After judgment for the plaintiff had been entered in an action brought in the name of a judge of probate upon the bond of a trustee under a will, it was proper to bring scire facias to obtain an execution "for the use of" one who had succeeded the defendant as trustee under the will, "for the benefit of" certain beneficiaries of the trust; the succeeding trustee was a "person interested in the estate" within the meaning of G. L. (Ter. Ed.) c. 205, § 34.

After the judge, at the hearing of an action of scire facias to obtain execution upon a judgment entered in an action upon the bond of a trustee under a will, had found for the defendant on the ground that the person for whose use the action of scire facias was brought was not a beneficiary of the trust, there was no error in the allowance of a motion by the plaintiff to amend the writ of scire facias by striking out such person's name and by substituting therefor the name of the proper person.

THREE WRITS OF SCIRE FACIAS, the first dated January 15, 1932, and the other two April 13, 1933.

The first writ originally was brought "for the use of Elizabeth C. Sanger"; the second "for the use of Donald B. Hughes, as he is sole surviving trustee under the will of Sarah B. Ackerman, for the benefit of the heirs-at-law of Frank P. Guigon"; and the third "for the use of Donald Hughes, as he is sole surviving trustee under the will of

Sarah B. Ackerman for the benefit of the heirs-at-law of Henry M. Hall."

The first writ was heard in the Superior Court by *Fosdick*, J., who ruled that Elizabeth C. Sanger was not an heir at law of William A. Sanger and that the plaintiff was not entitled to have execution for her use. Thereafter the judge allowed a motion by the plaintiff that the writ be amended "by striking out the name of Elizabeth C. Sanger, wherever that name appears as the person for whose use execution is sought in the writ, and substituting therefor the following: 'for the use of Donald B. Hughes, as he is the surviving trustee under the will of Sarah B. Ackerman for the benefit of the heirs-at-law of William A. Sanger.'" The defendant excepted to the allowance of the motion and subsequently presented a bill of exceptions relating thereto.

Motions by the defendant to dismiss the writs were denied, and the defendant's demurrers to them were overruled, by *Williams*, J., who thereafter heard the actions together upon an agreed statement of facts. The judge ordered execution to issue for the plaintiff in each action, and reported the actions for determination by this court.

Among other facts, it appeared that the defendant had been removed as trustee under the will of Sarah B. Ackerman; that Donald B. Hughes was the survivor of the two trustees appointed to succeed the defendant; that the life beneficiaries of the trust had died; and that those entitled to the principal of the trust upon the death of the survivor of the life beneficiaries were the heirs at law of William A. Sanger, of Harriet H. Parker, of Frank P. Guigon and of Henry M. Hall.

*H. B. Mackintosh, pro se.*

No argument nor brief for the plaintiff.

RUGG, C.J.    These are three writs of scire facias, each brought to obtain an execution on a judgment entered on May 6, 1929, on the bond of the defendant as a former trustee under the will of Sarah B. Ackerman. That judgment was entered for $10,000, which was the penal sum of the bond. *McCoole* v. *Mackintosh*, 267 Mass. 86. The

damage done to the trust estate by the maladministration
of the defendant was settled by that decision. The plead-
ings in each of the present cases consist of the scire facias,
the defendant's motion to dismiss, demurrer and answer.
In each case the motion to dismiss was denied and the
demurrer overruled. The cases were submitted on agreed
facts. Numerous requests for rulings were made. Find-
ings were made in favor of the plaintiff in each case. The
cases were combined in one report to this court for the
determination of the correctness of the rulings and findings
made by the trial judge.

Most of the questions raised on the present record were
decided adversely to the contentions of the defendant by
*McCoole* v. *Mackintosh*, 288 Mass. 115. That case related
to the same estate, the same bond of the defendant and
the same judgment against the defendant as do the present
cases. It is enough to refer to that adjudication as decisive
against the defendant in the present cases as to most mat-
ters here argued.

The present writs are brought for the benefit of benefici-
aries under the Ackerman will other than the two in the
cases already cited. Those writs were brought directly
by beneficiaries. The present writs are brought by the
trustee under the Ackerman will for the other persons
entitled to share in the benefit of the judgment entered on
the bond of the defendant. He is plainly a "person inter-
ested in the estate" and entitled to bring these writs under
G. L. (Ter. Ed.) c. 205, § 34.

One of the present writs was brought in the name of the
plaintiff for the benefit of Elizabeth C. Sanger representing
herself to be entitled to execution on the judgment against
the defendant for a specified sum for her own benefit. That
writ was brought subsequently to leave granted by the
Probate Court. Thereafter, upon hearing, a finding was
made in favor of the defendant. After that finding and
after leave granted to Donald B. Hughes by the Probate
Court, an amendment was allowed to this writ of scire
facias by striking out the name Elizabeth C. Sanger, wher-
ever it appeared as the person for whose use execution

was sought in the writ, and substituting therefor: "for the use of Donald B. Hughes, as he is the surviving trustee under the will of Sarah B. Ackerman for the benefit of the heirs-at-law of William A. Sanger." The defendant saved an exception to the allowance of this amendment. He also filed a separate bill of exceptions covering this subject. There was no error of law in the allowance of this amendment. That point need not be elaborated. It is within the sweep of numerous decisions. *Shapiro* v. *Mc-Carthy*, 279 Mass. 425. *Johnson* v. *Carroll*, 272 Mass. 134. *Pizer* v. *Hunt*, 253 Mass. 321. *Ames* v. *Beal*, 284 Mass. 56, 62. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 276.

Every other question presented on the record is concluded against the defendant by *McCoole* v. *Mackintosh*, 288 Mass. 115.

The result is that there was no error of law in the rulings and findings of the trial judge. The exceptions are overruled. In each case the findings are to stand, and execution is to issue as directed.

*So ordered.*