CHARLES L. LONG, Judge of Probate, *vs.* ALFRED M. COPELAND & others.

Hampden. September 23, 1902. — November 26, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Guardian. Bond.*

Under R. L. c. 149, § 29, which through successive statutes is a re-enactment of St. 1786, c. 55, § 2, a creditor of a ward cannot maintain an action on the bond given by his guardian until the debt has been reduced to judgment.

CONTRACT on a bond given by the defendant Copeland as guardian of Maria Frances Donohue, a minor, alleging that the minor owed the plaintiff a debt of $272.43 according to the account annexed to the declaration. Writ dated January 16, 1902.

The defendants demurred. The Superior Court sustained the demurrer and gave judgment for the defendants. The plaintiff appealed.

*W. G. Brownson*, for the plaintiff.

*A. M. Copeland, pro se.*

*D. E. Webster*, for the sureties.

LORING, J. It is too late to question the rule laid down in *Conant* v. *Kendall*, 21 Pick. 36, that a creditor of a ward can maintain an action on the bond given by the guardian. But in that case this court left open the question whether the creditor could maintain such an action before he had reduced his debt to judgment; 21 Pick. at p. 40; and this question was referred to as still an·open one in *Cole* v. *Eaton*, 8 Cush. 587, 588. No reference has been made to it in any of the subsequent cases in which this matter has been before the court. *Hicks* v. *Chapman*, 10 Allen, 463. *Willard* v. *Lavender*, 147 Mass. 15, 17.

We are of opinion that the question must be answered in the negative, and that no action can be maintained by a creditor of the ward on the bond given by the guardian until his claim has been reduced to judgment. By R. L. c. 149, § 29, it is provided that bonds given by guardians or trustees may be put in suit by order of the Probate Court, " and the proceedings in such actions shall be conducted in like manner as is provided relative to actions on bonds given by executors or administrators." By R. L. c. 149, § 20, no suit can be brought by a creditor on an executor's or administrator's bond until the debt has been reduced to judgment and the executor or administrator has neglected upon demand made by the creditor to pay the same or to show sufficient goods or estate of the deceased to be taken on execution. The provisions of these two sections originated in St. 1786, c. 55, §§ 1, 2. Section 1 of that act regulates the entering up of judgment and issuing execution in actions on bonds of administrators; section 2 provides that the debt must be reduced to judgment before action on the bond can be brought, and the administrator must have neglected to pay the debt " or to shew goods or estate of the deceased for that purpose." The section ends with these words: " The like judgment and proceedings (so far as they can with propriety take place) are to be had upon bonds of executors, guardians, and others, given to the judges of the Probate Courts in their said capacity." The provisions of this section

were put in their present form by the commissioners to revise the statutes, who reported in 1834; for the section as to proceedings on guardian's bonds being conducted in like manner as is provided relative to actions on bonds of executors and administrators, see Commissioners' Report, c. 79, § 25, and for the section requiring the debt to be reduced to judgment in case of actions on bonds of executors and administrators, see Commissioners' Report, c. 70, § 3. There is no intimation in the notes of the commissioners that any change in the law was intended by the change in phraseology. What was c. 79, § 25, in the Commissioners' Report was enacted in Rev. Sts. c. 79, § 25, and re-enacted in Gen. Sts. c. 109, § 28, Pub. Sts. c. 143, § 18; and the provision as to the necessity of reducing the debt to judgment before action was brought on an executor's or administrator's bond was enacted in Rev. Sts. c. 70, § 3, and re-enacted in Gen. Sts. c. 101, § 19, and Pub. Sts. c. 143, § 10.

If the creditor does not have to reduce his claim to judgment before bringing suit on the guardian's bond, the guardian would have to decide what debts incurred by the ward are just debts within R. L. c. 145, § 25, at the risk of ultimately being forced to pay the amount out of his own pocket if he made a mistake and paid a debt which it is afterwards held should not have been paid. This would probably result in his not paying a debt about which there could be any doubt, and in a delay in his handing over the amount found due the ward on his coming of age and on the guardian's account being settled in the Probate Court, contrary to the course contemplated by R. L. c. 149, § 1, ¶ 6, cl. 4. On the other hand the rule which we adopt is a simple one, by which it is ascertained what debts are " just debts " to be paid by the guardian and one which is easy of application and secures their respective rights to all interested.

We are of opinion that the Rev. Sts. c. 79, § 25, Gen. Sts. c. 109, § 28, Pub. Sts. c. 143, § 18, and R. L. c. 149, § 29, are re-enactments of St. 1786, c. 55, § 2; and by the true construction of them it is necessary for a creditor to reduce his debt to judgment before he can maintain an action on the guardian's bond. It is not alleged in the declaration that the debt due the creditor in whose behalf this action is brought has been reduced to judgment, and for that reason the demurrer was properly sustained. *Judgment affirmed.*