DENISE PARIS & others *vs.* SNAPPY CAR RENTAL, INC. October 26, 1984. *Practice, Civil,* Judgment, Appeal. *Workmen's Compensation Act,* Emotional distress.

Since there is "nothing in the record in this case to suggest that any hardship or injustice will result" if the plaintiffs are required to try the other

---

claims contained in their complaints before securing appellate review of the order dismissing some of the counts, and since resolution of the questions sought to be raised by the appeal probably would "not simplify, shorten or expedite the trial of any of the other claims," we think the certification under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), was not appropriate. *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.,* 9 Mass. App. Ct. 250, 252-253 (1980). Accordingly, we dismiss the appeal.

By way of dictum, we indicate our view that the plaintiffs' complaint insofar as it alleges intentional infliction of emotional distress by the employer is governed by *Foley* v. *Polaroid Corp.,* 381 Mass. 545 (1980), which held that such claims are barred by the Workmen's Compensation Act (G. L. c. 152, §§ 23, 24, and 26). Plaintiffs' attempts to distinguish *Foley* are without merit. Their reliance on *Agis* v. *Howard Johnson Co.,* 371 Mass. 140 (1976), is misplaced, as the issue of workers' compensation was not before the court in that case. We also note that *Agis* was decided before *Fitzgibbons's Case,* 374 Mass. 633 (1978). The judge was, therefore, correct in dismissing the counts alleging these claims under Mass.R.Civ.P. 12(b)(1), 365 Mass. 755 (1974).

The appeal is dismissed, the judgment is vacated, and the order allowing the defendant's motion to dismiss is to be restored to its interlocutory status under the second sentence of Mass.R.Civ.P. 54(a), 365 Mass. 820-821 (1974).

*So ordered.*

*Kathleen A. Bryan* for the plaintiffs.
*Joseph S. Smith* for the defendant.