## QUINCY MUTUAL FIRE INSURANCE COMPANY vs. WESTERN SURETY COMPANY.

No. 93-P-1276.

Plymouth. June 10, 1994. - November 1, 1994.

Present: DREBEN, GREENBERG, & LAURENCE, JJ.

*Superior Court*, Jurisdiction. *Probate Court*, Jurisdiction. *Jurisdiction*, Superior Court, Probate Court. *Practice, Civil*, Bond, Complaint, Motion to dismiss. *Bond*, Conservator.

Discussion of actions on fiduciaries' bonds brought under G. L. c. 205. [581-583]

CIVIL ACTION commenced in the Brockton Division of the District Court Department on June 17, 1991.

On transfer to the Superior Court Department, a motion to dismiss was heard by *Richard S. Kelley*, J.

*Frank L. Fragomeni* for the plaintiff.

*Michael Eby* for the defendant.

DREBEN, J. Alleging that Malcolm Jackson, the conservator of the property of Alice Williams, acted negligently in failing to heat her property, causing severe water damage to her home and its contents, Quincy Mutual Fire Insurance Company (Quincy) brought this action against Jackson and against Western Surety Company (Western), the surety on Jackson's bond. Western moved to dismiss the count against it for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. This is an appeal by Quincy from the allowance of Western's motion to dismiss.[1] The appeal before us is interlocutory as it does not appear that the judge entered an order under Mass.R.Civ.P.

---

[1] The judge did not give the reason for his dismissal of the count against Western.

54(b), 365 Mass. 821 (1974). We therefore dismiss Quincy's appeal but, by way of dictum, indicate our views since there appear to be no recent appellate cases involving actions on fiduciaries' bonds.

1. *Action in the Superior Court.* The bond of a conservator is payable to a judge of the Probate Court on certain conditions. G. L. c. 205, § 1. The conditions of the bond here relevant are contained in G. L. c. 205, § 1, par. 6, cl. 2: "To manage and dispose of all such property according to law and for the best interests of the ward, and faithfully to perform his trust in relation to such property . . . ." An action on the bond is the proper way to obtain redress for improper conduct of a conservator. G. L. c. 205, § 29.[2] See 2 Newhall, Settlement of Estates § 262 (1958); *Long* v. *Copeland*, 182 Mass. 332, 333-334 (1902).

There are two routes to an action on a fiduciary bond. Section 7A of G. L. c. 205 permits a direct action by a petition in equity in the Probate Court "by any party interested in his own name." An alternate route, which "shall be brought in the [S]uperior [C]ourt" under § 30 of G. L. c. 205, is more complicated. To understand the procedure, a close examination of the statutory provisions set forth in G. L. c. 205 is required.

Under certain conditions, set forth in three sections, §§ 20-22,[3] none of which here applies, actions on bonds of executors or administrators may be brought in the Superior Court without authorization of a probate judge. Where none

---

[2]Section 29 provides that actions on the bonds payable by conservators "may be put in suit by order of the probate court for the benefit of any person interested, and the proceedings in such action shall be conducted in like manner as is provided relative to actions on bonds given by executors or administrators."

[3]These sections permit action without authorization of a probate judge where the fiduciary neglects upon demand to pay amounts for which there is a judgment or decree: § 20 (actions by creditors), § 21 (actions by creditors of insolvent estates), and § 22 (actions by next of kin). Quincy relies on § 20 to permit its action without authorization, but that section by its terms applies only to creditors who have recovered judgment, see *Long* v. *Copeland, supra* at 333, and Quincy has not recovered a judgment. We need not consider, therefore, whether Quincy is a creditor.

of the three sections is applicable, § 23 provides: "If the probate court, upon representation of a person interested in an estate, finds that the executor or administrator has failed in any manner not specified in the three preceding sections to perform the conditions of his bond, it may authorize any . . . person aggrieved by such maladministration to bring an action on the bond." Failure to obtain such authorization is a good defense, *Fay* v. *Rogers*, 2 Gray 175, 177 (1854), but objection must be taken at the first stage of the proceedings; otherwise, authorization is presumed to have been duly given unless the contrary appears from the pleadings. *McCoole* v. *Mackintosh*, 288 Mass. 115, 124 (1934). 2 Newhall, Settlement of Estates § 267 (1958).

Although authorization was not here obtained,[4] contrary to Western's contention, the defect is not one of subject matter jurisdiction. As we have indicated, in this kind of a case authorization of a probate judge may be presumed. Subject matter jurisdiction cannot be conferred by consent or authorization, see *Konstantopoulos* v. *Whately*, 384 Mass. 123, 130 (1981), and a probate judge's authorization is merely a condition precedent to bringing an action.

We consider this a case where, on request, it would be appropriate for the Superior Court judge to ask the Chief Administrative Justice to transfer the case, or the judge, or both, to the Probate Court to determine whether authorization should be granted or whether to allow the case to proceed in accordance with § 7A, where authorization by a judge is not required.[5] As pointed out in *Konstantopoulos* v. *Whately*, *supra* at 131, G. L. c. 211B expresses "the legislative intent to minimize subject matter jurisdictional concerns." A fortiori, where the concerns are less than jurisdictional, dismissal need not be the solution in cases where a transfer would "promote the orderly and effective adminis-

---

[4]Western's motion to dismiss — no answer to the complaint having been filed, see Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974) — did indicate that authorization had not been obtained.

[5]Since there appears to have been no final judgment, the judge, of course, may change his order dismissing the count. *Peterson* v. *Hopson*, 306 Mass. 597, 601 (1940).

tration of the judicial system." *Id.* at 130, quoting from St. 1978, c. 478, § 1.

2. *Failure to state a claim.* Western claims that Jackson did not breach the condition of his bond and, moreover, the ward did not suffer loss because Quincy paid for the damage suffered. The action against Jackson alleges that he negligently managed the property, causing damage. Such an allegation seems to fall within G. L. c. 205, § 1, par. 6, cited earlier. On this pleading, we cannot say that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Nader* v. *Citron,* 372 Mass. 96, 98 (1977), quoting from *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957).

Western's claim that Quincy cannot recover is unpersuasive. Western contends that Quincy stands in the shoes of the ward, and by reason of Quincy's payment the ward has suffered no loss. Thus, Jackson's obligation was met by securing or maintaining homeowner's insurance. As pointed out by Quincy, this argument would seem to preempt any subrogation efforts by an insurer against a conservator. Again, on the basis of *Nader* v. *Citron, supra* at 98, 104, we cannot state that the plaintiff can prove no set of facts in support of its claim.

As we indicated earlier, because the appeal is interlocutory, it is dismissed.

*So ordered.*