SHAWMUT COMMUNITY BANK, N.A. *vs.* DOMENIC T. ZAGAMI.

Middlesex. September 12, 1994. - December 20, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Motion to amend, Interest. *Interest. Judgment,* Amendment, Interest.

A motion to alter or amend a judgment under Mass. R. Civ. P. 59 (e) is the appropriate procedure for a party to challenge the clerk's calculation of postjudgment interest on a judgment in a civil action. [222-223]

This court's consideration of the correct date from which postjudgment interest on a judgment should run was not barred by a prior appellate consideration of the same case affirming the judgment where the parties had not previously addressed the issue. [223-224]

The final judgment for purposes of computing postjudgment interest pursuant to G. L. c. 235, § 8, is a judgment under Mass. R. Civ. P. 54 (b), or the final judgment entered disposing of all claims in an action, which, if there has been an appeal of some claims, would be the judgment entered after rescript. [224-226]

CIVIL ACTION commenced in the Superior Court Department on January 17, 1979.

Following the decision of this court in 411 Mass. 807 (1992), a motion to alter or amend judgment, filed on April 20, 1993, was heard by *Maria I. Lopez,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Edward J. Collins* for the defendant.

*Michael C. Gilleran* for the plaintiff.

ABRAMS, J. After our decision in *Shawmut Community Bank, N.A.* v. *Zagami,* 411 Mass. 807 (1992), the question arose as to the appropriate date from which postjudgment interest should run on the judgment on the defendant's counterclaims. The defendant in counterclaim, Shawmut Commu-

nity Bank, N.A. (Shawmut), claimed that the appropriate date was September 1, 1988, the date final judgment entered. Zagami claimed postjudgment interest should be computed from September 2, 1986, the date the jury verdict on the common law fraud claim was returned. A judge in the Superior Court agreed with Shawmut and ordered postjudgment interest to be paid from September 1, 1988. The plaintiff in counterclaim, Domenic T. Zagami, appeals. We transferred the case on our own motion. We affirm.

We set forth the facts. In 1979, Shawmut Community Bank, N.A., filed a complaint, claiming that Zagami had failed to pay money due on a promissory note. Zagami filed a counterclaim against Shawmut, alleging fraud and violations of G. L. c. 93A (1992 ed.). On August 25, 1986, a jury returned a verdict for Zagami on his counterclaim for fraud. The docket indicates that a "judgment" on this claim entered on September 2, 1986. The judgment reflected prejudgment interest running from April 17, 1979, to the date of the jury's verdict. At a subsequent jury-waived trial, Zagami prevailed on his c. 93A claim. Concluding that Shawmut had not violated the statute wilfully or knowingly, the judge did not award multiple damages under c. 93A, but did order the bank to pay Zagami's attorney's fees and costs. The docket indicates that judgment entered on this claim on September 1, 1988.

On the first appeal, we declined to consider most of the issues raised based on the poor quality of the record. See *Shawmut Community Bank, N.A.* v. *Zagami, supra* at 810-811. We did, however, order reversal of the judgment for Zagami pursuant to c. 93A. *Id.* at 815-816. We also said that the award of prejudgment interest at a rate of twelve per cent on the common law fraud claim was proper under G. L. c. 231, § 6B (1992 ed.). *Id.* at 813.

A deputy assistant clerk entered judgment after rescript. In that judgment, the clerk calculated prejudgment interest from the date of the filing of Zagami's counterclaim on April 17, 1979, until the date of entry of the judgment on the jury verdict on September 2, 1986, and calculated

postjudgment interest from September 3, 1986, to the date of the judgment after rescript.

Shawmut filed a motion to alter or amend the judgment on the ground that postjudgment interest should run from the date that a final judgment, adjudicating all claims, entered, which was September 1, 1988. A Superior Court judge allowed Shawmut's motion.

On appeal, Zagami alleges that: (1) it was not proper for Shawmut to challenge the clerk-entered judgment by filing a motion to alter or amend under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), or Mass. R. Civ. P. 60 (a) and (b), 365 Mass. 828 (1974), rather than proceeding by appeal under Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985); (2) consideration of the postjudgment interest issue is precluded by the prior litigation between the parties; and (3) under G. L. c. 235, § 8 (1992 ed.),[1] postjudgment interest should be computed on the common law fraud claim verdict from the date it was returned, and not from the date that judgment adjudicating all claims in the case entered.

1. *The motion to alter or amend the judgment.* Zagami contends that Shawmut did not properly challenge the clerk's computation of postjudgment interest because it did not appeal from the entry of the judgment after rescript within thirty days as required under Mass. R. A. P. 4 (a). However, "[t]he action of a clerk in adding interest to a judgment is not a ruling of law, to which the time limits for appeal

---

[1]General Laws c. 235, § 8 (1992 ed.), provides as follows: "When judgment is rendered upon an award of county commissioners, a committee or referees, or upon the report of an auditor or master, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding from the time when made to the time the judgment is entered. Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding. The warrant or execution issued on a judgment for the payment of money shall specify the day upon which judgment is entered, and shall require the collection or satisfaction thereof with interest from the day of its entry."

. . . would apply." *Worsnop* v. *Texaco, Inc.*, 386 Mass. 1005, 1006 (1982).

Rule 59 (e) "is designed for precisely such situations" where the judgment is incorrect because it lacks both legal and factual justification. *Page* v. *New England Tel. & Tel. Co.*, 383 Mass. 250, 252 (1981), quoting *Mumma* v. *Reading Co.*, 247 F. Supp. 252, 260 (E.D. Pa. 1965). A motion to alter or amend a judgment under rule 59 (e) applies to the "erroneous computation of interest."[2] See J.W. Smith & H.B. Zobel, Rules Practice § 59.15, at 454 (1977). Within ten days of the entry of the judgment after rescript, Shawmut contested the clerk's calculation of interest by filing a motion to alter or amend the judgment under rule 59 (e).[3] There was no error.

2. *The effect of earlier litigation.* Zagami argues that consideration of the clerk's computation of postjudgment interest is barred by our decision in *Shawmut Community Bank, N.A.* v. *Zagami, supra.* In that case, we said that the award of prejudgment interest on the fraud judgment under G. L. c. 231, § 6B, was valid. *Id.* at 813. Zagami claims that we also ruled that the clerk was correct in computing postjudgment interest on the fraud claim from the date of the 1986 jury verdict. There is no merit to that contention.

This issue concerns the appropriate judgment entered after the rescript from this court. The parties obviously could have had no opportunity in the prior appeal to address that issue. Restatement of Judgments § 1 (1942), states: "Where a reasonable opportunity has been afforded to the parties to litigate a claim before a [judge] . . . and the [judge] has finally decided the controversy, the interests of the State and the

---

[2] Rule 59 (e) of the Massachusetts Rules of Civil Procedure, 365 Mass. 827 (1974), provides: "Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

[3] Shawmut also moved under Mass. R. Civ. P. 60 (a), (b), 365 Mass. 828 (1974), to object to the computation of interest in the clerk-entered judgment. However, because we decide that rule 59 is an appropriate vehicle for such a motion, we do not reach the issue whether a similar motion could be made pursuant to rule 60.

parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them." Comment (c) to § 1 is to the same effect. See *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 367 Mass. 57, 64 (1975) (no res judicata effect because the issue was irrelevant to prior litigation). Accordingly, consideration of the correct date for summary of postjudgment interest was not precluded.

3. *The date for determining postjudgment interest.* Zagami contends that postjudgment interest on the fraud claim should be computed from the date the jury verdict was docketed as a "judgment," September 2, 1986. We do not agree. "The nature of a paper entered on the record of a court must be determined according to its essential characteristics and not by its name." *Kingsley* v. *Fall River*, 280 Mass. 395, 398 (1932). A judgment "will be treated on the footing of its substance and not of its name." *Check* v. *Kaplan*, 280 Mass. 170, 176 (1932). "Finality does not hinge on the label that is placed on the judge's action." *Borman* v. *Borman*, 378 Mass. 775, 779 n.8 (1979). Thus, the fact that the paper was labeled a judgment does not aid Zagami.

"A [judgment] and a counterclaim are different causes of action combined in one case, and ordinarily a [judgment] disposing of only one of them is not a final [judgment]." *Blume* v. *Oil-O-Chron, Inc.*, 287 Mass. 52, 55 (1934). Federal law reaches a similar result. See *Explosives Corp. of Am.* v. *Garlam Enters. Corp.*, 817 F.2d 894 (1st Cir.), cert. denied, 484 U.S. 925 (1987) (it is inappropriate to allow postjudgment interest to begin running before entry of final judgment); *Hooks* v. *Washington Sheraton Corp.*, 642 F.2d 614, 617 (D.C. Cir. 1980) (without a Fed. R. Civ. P. 54 (b) determination, clerk-entered judgment was not valid judgment to which interest could attach). See also *Kaszuk* v. *Bakery & Confectionary Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 553 (7th Cir. 1986). Because the September 2, 1986, jury trial did not dispose of the G. L. c. 93A portion of Zagami's claim, no final judgment could be entered. Indeed, there was no appeal until the G. L. c. 93A

counterclaim was heard and decided. See *Shawmut Community Bank, N.A.* v. *Zagami, supra* at 814-815.

General Laws c. 235, § 8, provides that "[e]very judgment for the payment of money shall bear interest from the day of its entry . . . ." We read the statute in concert with Mass. R. Civ. P. 54 (a), 365 Mass. 820 (1974), which defines "judgment" and "final judgment" as "the act of the trial [judge] finally adjudicating the rights of the parties affected by the judgment." In cases involving multiple claims by multiple parties, rule 54 (a) is subject to the provisions of rule 54 (b), which allow a judge, in certain circumstances, to direct entry of final judgment as to fewer than all of the claims.[4]

Absent a rule 54 (b) determination, the term "judgment" refers to the final adjudicating act of the judge "disposing of all claims against all the parties to the action." *Gibbs Ford, Inc.* v. *United Truck Leasing Co.*, 399 Mass. 8, 11 (1987), quoting *Bragdon* v. *Bradford O. Emerson, Inc.*, 19 Mass. App. Ct. 420, 422-423 (1985); *Stokosa* v. *Waltuch*, 378 Mass. 617, 619-620 (1979); *School Comm. of Agawam* v. *Agawam Educ. Ass'n*, 371 Mass. 845, 846 (1977). The requirement that all claims be adjudicated prior to entry of a judgment is to avoid piecemeal appeals. See, e.g., *Curtiss-Wright Corp.* v. *General Elec. Co.*, 446 U.S. 1, 10 (1980). The record reflects the fact there was no rule 54 (b) deter-

---

[4]Rule 54 (b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 820 (1974), provides: "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

mination.[5] Thus, there was no basis for entry of a final judgment after the jury verdict on the fraud claim.

Relying on *Turner* v. *Japan Lines, Ltd.*, 702 F.2d 752 (9th Cir. 1983), Zagami contends that postjudgment interest on the fraud verdict should be awarded from the date of the clerk-entered judgment. Zagami's reliance is misplaced. In *Turner*, the judge incorrectly allowed a judgment n.o.v. in favor of the defendants. The Court of Appeals for the Seventh Circuit concluded that interest should run from the date on which a final judgment should have been entered on the original jury verdict had no judgment n.o.v. been granted. The Court of Appeals reasoned that a successful plaintiff should not bear the cost resulting from the loss of the use of money. *Id.* at 757. The issue discussed in *Turner* is not before us. See also *Ohio-Sealy Mattress Mfg. Co.* v. *Sealy, Inc.*, 585 F.2d 821, 824 (7th Cir. 1978), cert. denied, 440 U.S. 930 (1979) (motions for judgments n.o.v. or for a new trial do not delay the entry of judgment for purposes of accruing postjudgment interest).

4. The Superior Court judge correctly allowed Shawmut's motion to alter or amend the judgment after rescript and correctly determined that postjudgment interest ran from September 1, 1988, the date that all claims were adjudicated.[6]

*Judgment affirmed.*

---

[5] Whether a rule 54 (b) determination would be appropriate in these circumstances is not before us. See generally 10 C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure §§ 2656 and 2657 (1983).

[6] Zagami's request for appellate attorney's fees lacks a basis in law. He is not entitled to attorney's fees under *Yorke Management* v. *Castro*, 406 Mass. 17 (1989), because his claim under c. 93A was resolved in Shawmut's favor.