# RESCRIPT OPINIONS.

John Harrison & another[1] *vs.* John L. Roncone & others.[2] June 15, 2006. *Practice, Civil,* Judgment, Appeal. *Supreme Judicial Court,* Superintendence of inferior courts.

John and Helene Harrison (petitioners) appeal from a judgment of a single justice of this court denying their petition, pursuant to G. L. c. 211, § 3, without a hearing. We affirm.

The petition arose out of a legal malpractice action brought by the petitioners against the respondents and other defendants in the Superior Court; third-party claims and cross claims were asserted as well. Although it is not clear from the record before us whether there remain any outstanding claims among the Superior Court defendants, it appears the petitioners' claims against the respondents were dismissed on the respondents' motion, the petitioners then settled with other defendants, and they obtained a separate and final default judgment against one defendant. Aside from the defaulted defendant, however, it does not appear that final judgment has entered pursuant to Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977).

Based on evidence discovered more than one year after the respondents were dismissed from the Superior Court action, but before the petitioners settled with other defendants, the petitioners moved both to vacate the order of dismissal and to amend their complaint to add additional claims against the respondents. Treating the first motion as seeking relief under Mass. R. Civ. P. 60 (b) (2), 365 Mass. 828 (1974), a Superior Court judge denied it as untimely; the second motion was denied because the respondents already had been dismissed from the action. A single justice of the Appeals Court denied the petitioners' petition for interlocutory review of these rulings, pursuant to G. L. c. 231, § 118, first par. On reconsideration, the single justice noted:

> "[T]he petitioners' claims of error in the dismissal of their claims against the [respondents] may and should appropriately be raised on appeal to a panel upon entry of a final judgment in the case."

A single justice of this court similarly denied relief under G. L. c. 211, § 3.

Where, as here, a case involves multiple claims and multiple parties, a judgment dismissing fewer than all of the claims or parties is interlocutory

---

[1]Helene Harrison.

[2]John L. Roncone, P.C., and the Law Office of John Roncone.

and, with some exceptions not applicable to this case, are not immediately appealable absent a "determination [by a judge in the trial court] that there is no just reason for delay and upon an express direction for the entry of [final] judgment." Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). See, e.g., *Quincy Mut. Fire Ins. Co.* v. *Western Sur. Co.*, 37 Mass. App. Ct. 580 (1994) (dismissing interlocutory appeal from allowance of motion to dismiss); *Paris* v. *Snappy Car Rental, Inc.*, 18 Mass. App. Ct. 968 (1984). It is not clear on this record whether all the claims, cross claims, and third-party claims have been finally resolved. If they have, then it remains for one or more of the parties to request entry of final judgment pursuant to rule 58 (a). See *Department of Revenue* v. *Mason M.*, 439 Mass. 665, 673 (2003) (noting that "[i]t is the entry of a final judgment, not the order found in the concluding paragraph of [a] judge's memorandum of decision, that starts the appellate clock"); *Gangell* v. *New York State Teamsters Council Welfare Trust Fund*, 6 Mass. App. Ct. 631, 632 (1978) (dismissing appeal because no final judgment entered in accordance with the separate document requirement of rule 58 [a]). Alternatively, if a final resolution of all claims has not been reached, then the petitioners may seek entry of separate and final judgment, pursuant to rule 54 (b).[3]

Regardless of the current status of the underlying Superior Court case, relief under G. L. c. 211, § 3, properly was denied because "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000). When judgment enters pursuant to rule 54 (b) or rule 58 (a), the petitioners may obtain review of the challenged orders on appeal from that final judgment. "We have emphasized that relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate review." *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986), citing *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). The single justice neither abused his discretion nor otherwise erred as a matter of law in denying the petition.[4]

*Judgment affirmed.*

*John L. Diaz & Robert O. Berger* for the plaintiffs.
*Terrance J. Hamilton* for the defendants.

---

[3]We see no reason in the record before us why the petitioners would not prevail on a motion pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), although we leave that to be decided by a judge in the Superior Court, who will be in a better position to decide the matter in the first instance. See generally *Long* v. *Wickett*, 50 Mass. App. Ct. 380, 387-403 (2000) ("likelihood of injustice or hardship to the parties" balanced against "traditional abhorrence of piecemeal appellate review"); *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252 (1980) (separate and final judgment appropriate where showing of "hardship or injustice," or where early appeal may "simplify, shorten or expedite the trial of any of the other claims still pending in the Superior Court").

[4]The parties have each moved to strike the petitioners' reply brief. We strike that reply brief but deny the respondents' request for sanctions. Costs shall be taxed against the petitioners pursuant to Mass. R. A. P. 26 (a), as amended, 378 Mass. 925 (1979).