Leibensperger, Edward P., J.
This case arises out of the 2006 auction of the assets of the Medelle Corporation (Medelle), a Delaware business corporation formed in or about 1996 to develop and market products to treat human infertiliiy. Plaintiffs Ronald Paasch, Francis C. Gleason, Jr., and Jo Ann Gorge, minority shareholders ofMedelle, claimed that the sale was improper and filed the present lawsuit against Medelle, INVO Bioscience, Inc. (INVO), Bio-X-Cell, Inc. (Bio-X-Cell),[3] Claude Ranoux, and Kathleen Karloff. Medelle never appeared and was defaulted under Mass.R.Civ.P. 55(a). Plaintiffs subsequently moved for an assessment of damages and default judgment under Rule 55(b)(2) but the court deferred a hearing on the motion. As the case proceeded, the other defendants filed motions to dismiss, which the court granted in full as to INVO, Bio-X-Cell, and Karloff but only in part as to Ranoux. Plaintiffs now renew their motion for entry of default judgment and assessment of damages against Medelle. In response, INVO and Bio-X-Cell have filed an opposition to plaintiffs’ renewed motion and have also filed, along with Karloff, a motion seeking an entry of final judgment of dismissal as to the claims asserted against them. For the reasons that follow, plaintiffs’ motion is DENIED and defendants’ motion is ALLOWED.
BACKGROUND
For several years, Medelle sought FDA approval for an intra-vaginal incubation device invented by Claude Ranoux, Medelle’s founder, president, chief scientist, ahd a director of the company. This effort, however, proved unsuccessful and by the autumn of 2006, the company was heavily in debt, almost out of cash, and unable to raise additional capital. As a result, in November 2006, Medelle’s directors voted unanimously to assign the company’s assets for the benefit of creditors.
An auction was held on December 22, 2006, during which time Ranoux, the only bidder, submitted the winning bid. Ranoux subsequently conveyed the assets to Bio-X-Cell, a corporation that Ranoux had formed following the auction. Bio-X-Cell eventually became a wholly-owned subsidiary of INVO. INVO (through Bio-X-Cell) continued to develop Ranoux’s device. Ranoux is currently INVO’s president and an INVO director.
In December 2009, plaintiffs brought this action against INVO, Bio-X-Cell, Medelle, Ranoux, and Kathleen Karloff (Medelle’s former vice president and INVO’s current CEO). They claimed that defendants purposely failed to inform them of the auction in order to prevent them from participating in it. Plaintiffs asserted claims for: successor liability against INVO (Count I); breach of fiduciary duly against Ranoux (Count II); aiding and abetting breach of fiduciary duly against Karloff, Medelle, INVO, and Bio-X-Cell (Count III); fraud against Ranoux, Karloff, Medelle, INVO, and Bio-X-Cell (Count IV); civil conspiracy against Ranoux, Karloff, Medelle, INVO, and Bio-X-Cell (Count V); and violation of G.L.c. 93A against Medelle, INVO, and Bio-X-Cell (Count VI). Plaintiffs’ claims against INVO and Bio-X-Cell were premised solely on their contention that INVO and Bio-X-Cell were the successors to Medelle by de facto merger and therefore they had successor liability for Medelle’s alleged wrongful conduct.
In spring 2010, plaintiffs requested and obtained a Mass.R.Civ.P. 55(a) entry of default against Medelle, which was no longer an operating company, for failure to appear in this case. They subsequently moved for an assessment of damages and default judgment against Medelle pursuant to Mass.R.Civ.P. 55(b)(2), but the court (Hinkle, J.) deferred a decision on the motion after INVO argued that no assessment of damages should be made prior to its pending motion to dismiss was decided. In opposing the motion to assess damages, INVO contended that because it asserted legal defenses in its motion to dismiss that were equally applicable to Medelle, an assessment of damages would risk premature and inconsistent judgments. The court agreed.
A few months later, in November 2010, the court (Hinkle, J.) ruled on defendants’ motions to dismiss. The court allowed Ranoux’s motion in connection with plaintiffs’ civil conspiracy and c. 93A claims but denied his motion with regard to plaintiffs’ fraud and breach of fiduciary duty claims. The court allowed the motions to dismiss of Karloff, INVO, and Bio-X-Cell in their entirely. With regard to INVO and Bio-X-Cell, who were being sued on a theoiy of successor liability ofMedelle, the court concluded that plaintiffs’ claim for fraudulent nondisclosure (Count IV) failed because Medelle had no fiduciary duty with respect to informing shareholders of the auction, the c. 93 claim (Count VI) failed because the allegations involved the internal affairs of Medelle, and the aiding and abetting and civil conspiracy claims (Counts HI and V) failed because the allegations used to support them were too conclusory.[4]
Following the court’s ruling, defendants moved to vacate the entry of default against Medelle and substitute dismissal of all counts against Medelle based upon the court’s determination that the complaint *645 failed to state a claim against INVO and Bio-X-Cell. The court (Lauriat, J.) denied the motion in May 2011, concluding that, as defendants and their counsel did not represent Medelle, they had no standing to assert the motion. A subsequent motion to reconsider was also denied.
As their trial date approached, Ranoux and plaintiffs jointly moved for leave to pursue binding arbitration in connection with the remaining claims against Ranoux (fraud and breach of fiduciary duty), which the court allowed. The claims were subsequently arbitrated at the JAMS Boston office. After five days of hearings, the arbitrator issued an Award dated February 15, 2013, in favor of Ranoux and against plaintiffs. In the Award, the arbitrator concluded that: (1) although Gleason and Gorge did not receive notice of the auction in advance, Paasch did receive notice; (2) Section 271 of the Delaware Corporations Act did not apply to an assignment for the benefit of creditors and therefore, no notice, meeting, or shareholder’s vote was required; (3) the board acted reasonably, independently and in good faith in deciding to undertake an assignment for the benefit of creditors; and (4) Gorge and Gleason would not have been able to commercialize and gain market acceptance of Medelle’s technology had they acquired it, and it was doubtful that they would have wanted to make the additional investment required.
In April 2013, plaintiffs filed a motion to vacate the arbitration award and, in response, Ranoux filed a motion to confirm the award. This court (Billings, J.) denied plaintiffs’ motion and confirmed the award in an August 2013 decision. Shortly thereafter, the clerk, without motion from either party, entered a final judgment under Rule 58(a) (the 2013 Judgment). The judgment states:
JUDGMENT CONFIRMING ARBITRATION AWARD For reasons set forth in the Memorandum and Order on cross motions regarding Arbitrations [sic] Award dated Aug 21, 2013 plffs. motion to vacate Arbitration Award is DENIED and deft. Claude Ranoux’s motion to confirm Arbitration Award and for entry of Judgment is ALLOWED. Judgment to enter enforcing Award entered on docket pursuant to Mass.R.Civ.P. 58(a) and notice sent to parties pursuant to Mass.R.Civ.P. 77(d).
Plaintiffs then appealed the 2013 Judgment to the Appeals Court. The Appeals Court, ruling pursuant to its Rule 1:28, affirmed the judgment. The Appeals Court did not specify whether it considered plaintiffs’ appeal to be plenary or interlocutory.
ANALYSIS
Plaintiffs now renew their motion for entry of default judgment and assessment of damages against Medelle pursuant to Mass.R.Civ.P. 54 and 55. In response, INVO and Bio-X-Cell have filed an opposition and have also moved, along with Karloff, for entry of final judgment on the claims against them that were dismissed in November 2010. As discussed below, plaintiffs are not entitled to a default judgment against Medelle. The claims against Medelle must be dismissed. In addition, INVO, Bio-X-Cell, and Karloff are entitled to final judgment on the claims asserted against them.
A. Claims Against Medelle
As an initial matter, the 2013 Judgment and plaintiffs’ subsequent appeal created some confusion as to the procedural status of this case. A judgment dismissing fewer than all of the claims or parties in an action involving multiple claims and multiple parties is interlocutory. Harrison v. Roncone, 447 Mass. 1001, 1001 (2006). Under Rule 54(b), interlocutory judgments are “not immediately appealable absent a ‘determination [by a judge in the trial court] that there is no just reason for delay and upon an express direction for the entry of [final] judgment.’ ” Id. at 1001-02, quoting Mass.R.Civ.P. 54(b) (alterations in original). Defendants contend that because of the absence of a Rule 54(b) determination, the clerk’s entry of judgment under Rule 58(a) must be viewed as constituting a judgment as to all parties and all claims. Therefore plaintiffs, following the entry of the 2013 Judgment, were required to raise on appeal all issues that had been decided against plaintiffs, including the dismissal of the claims against INVO, Bio-X-Cell, and Karloff. Moreover, the default entered against Medelle, defendants argue, was waived by plaintiffs proceeding on the appeal and raising only their objections to the confirmation of the arbitration award. Defendants contend that plaintiffs should be estopped from returning to this court to pursue claims because they effectively abandoned their claims.[5]
The second sentence of Rule 54(b) provides that “[i]n the absence of [a determination that there is no just reason for delay and an express direction for entiy of judgment], any order or other form of decision however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.” (Emphasis added.) The 2013 Judgment is expressly restricted to the claims that were taken to the arbitration with Ranoux. Because there was no Rule 54(b) determination, it cannot be said that the 2013 Judgment was a final judgment as to all claims and parties (i.e., Medelle, INVO, Bio-X-Cell, Karloff, and Ranoux). See Shawmut Community Bank, N.A. v. Zagami, 419 Mass. 220, 224 (1994) (“A judgment ‘will be treated on the footing of its substance and not of its name.’ . . . ‘Finality does not hinge on the label that is placed on the judge’s action’ ”). Accordingly, plaintiffs’ appeal was, effectively, interlocutory in nature (addressing only the claims against Ranoux resolved in arbitra *646 tion). The appeal does not preclude plaintiffs’ current efforts to proceed against all defendants except for Ranoux.[6]
That said, plaintiffs cannot, as a matter of law, proceed against Medelle given this court’s dismissal of the identical claims against INVO and Bio-X-Cell. It is a well established principle that, in order to avoid inconsistent or contradictory findings of liability, a court should not enter a default judgment against one of two defendants “where the theory of recovery is one of true joint liability, such that, as a matter of law, [neither] defendant may be liable unless [both] are liable.” Gangl v. Ford Motor Credit Co., 37 Mass.App.Ct. 561, 562 (1994), quoting 6 Moore’s Federal Practice par. 55.06, at 55-49 (2d.ed. 1994) (alterations in original); see also Floors-N-More, Inc. v. Freight Liquidators, 142 F.Sup.2d. 496, 502-03 (S.D.N.Y. 2001) (where complaint failed to state a claim, dismissing claims against defaulting defendants who did not join in co-defendant’s motion to dismiss). This rule applies broadly and several “courts have extended [the rule’s] application beyond true joint liability situations ‘where the identical nature of the claims, facts, and legal issues relative to each defendant make it logically inconsistent to rule in favor of some defendants but not others.’ ’’ Goguen v. Textron, Inc., 2006 U.S. Dist. LEXIS 11647 at *6-7 (D.Mass. Mar. 10, 2006), quoting Shanghai Automation Instrument Co. v. Kuei, 194 F.Sup.2d 995, 1008 (N.D.Cal. 2001). See, e.g., Nielson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001); Gulf Coast Fans v. Midwest Electronics Importers, 740 F.2d 1449, 1512 (11th Cir. 1984); see also 10A Charles Alan Wright et al., Federal Practice and Procedure §2690 (3d.ed. 1998) (observing rule “probably can be extended to situations in which several defendants have closely related defenses). In the present case, a default judgment against Medelle and a potential award of any damages to plaintiffs would be a result that is entirely inconsistent with this court’s prior determinations in favor of INVO and Bio-X-Cell.
In her November 2010 decision, Judge Hinkle expressly concluded that plaintiffs’ fraud claim against INVO and Bio-X-Cell failed because Medelle owed no fiduciary duty to inform the shareholders of the auction.[7] She further concluded that plaintiffs’ c. 93A claim against INVO and Bio-X-Cell failed because the allegations underlying the claim concerned Medelle’s internal affairs and therefore did not implicate the statute. She also determined that the civil conspiracy and aiding and abetting claims failed because the allegations supporting them were too conclusory.
Plaintiffs’ claims against Medelle are identical to the claims against INVO and Bio-X-Cell. In fact, INVO and Bio-X-Cell were sued only on a theory of successor liability. Therefore, a default judgment against Medelle would be wholly inconsistent with Judge Hinkle’s decision as it would establish that Medelle is liable for fraud, aiding and abetting a breach of fiduciary duty by Ranoux, civil conspiracy, and violation of G.L.c. 93A despite the decision indicating that such claims should be dismissed. Accordingly, the claims against Medelle must be dismissed.
In any event, a second reason why plaintiffs are not entitled to a hearing and assessment of damages against Medelle is because, as plaintiffs concede in their response to defendants’ opposition, their Amended Complaint only seeks equitable relief against Medelle. Specifically, in the Amended Complaint the relief sought from Medelle was to require an unwinding of the auction and the subsequent asset transfers. Rule 54(c) provides that “[a] judgment by default shall not be different in kind from that prayed for in the demand for judgment.” Accordingly, plaintiffs cannot seek monetary damages against Medelle as that would be “different in kind” from what is sought in their Amended Complaint. Cf. Hermanson v. Szafarowicz, 457 Mass. 39, 45-46 (2010) (concluding that default judgment did not violate Rule 54(c) because plaintiff specifically sought damages). Plaintiffs argue that the inclusion of a request that the court “[o]rder such other further relief as is just” in their prayer for relief permits this court to award damages. Such boilerplate language, however, is insufficient to overcome the limitation in Rule 54(c). Cf. Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007) (noting that generic request for such other and further relief which the court deemed just and proper “is mere boilerplate” and “cannot substitute for the meaningful notice called for by [Fed.R.Civ.P.] 54(c), which anticipates that defendants will look to the demand clause to understand their exposure in the event of default”).
B. Entry of Final Judgment of Dismissal of INVO, Bio-X-Cell, and Karloff
Plaintiffs do not oppose entry of final judgment on the claims they asserted against Karloff. However, plaintiffs argue that judgment in favor of INVO and Bio-X-Cell is inappropriate. Specifically, they contend that Judge Hinkle’s November 2010 decision was not correctly decided with respect to the claims asserted against INVO and Bio-X-Cell in Count IV (fraud) and Count VI (violation of G.L.c. 93A) and that therefore these claims should not have been dismissed. The court declines to disturb her ruling, particularly where plaintiffs only now, nearly six years after the decision, complain that it was incorrectly decided. See Serody v. Serody, 19 Mass.App.Ct. 411, 412 (1985) (“A judge should be reluctant to undo the work of another judge”). At the time the court issued the decision, plaintiffs took no action to challenge it either by way of reconsideration or supplemental pleadings. To the extent plaintiffs seek to challenge the decision, this is now best done on appeal, which an entry of final judgment may facilitate.
CONCLUSION
For the reason stated above;
*647 1. Plaintiffs’ Motion for Entry of Default Judgment and Assessment of Damages Against Medelle Corporation Pursuant to Rules 55 and 54 is DENIED;
2. Defendants’ Motion for Final Entry of Judgment of Dismissal of INVO Bioscience, Inc. Bio-X-Cell, Inc., and Kathleen Karloff is ALLOWED; and
3. It is hereby ORDERED that final judgment shall enter dismissing all claims against all defendants.

 Bio-X-Cell is a wholly-owned subsidiary of INVO. Plaintiffs asserted that INVO and Bio-XCell were successors to Medelle by de facto merger and therefore subject to successor liability.

 Although the court did not specifically mention Bio-X-Cell when rendering its ruling on these claims, it is evident that the same reasoning applies to the identical claims against Bio-X-Cell and served as the basis for dismissing the claims against it.

 Plaintiffs argue that INVO has no standing to assert this argument or any argument in connection with their motion, and points to this court’s May 2011 ruling, which denied INVO’s motion to vacate the default on standing grounds. The court, however, need not determine whether INVO has standing to oppose the motion as the considerations INVO highlights are properly addressed by this court on its own accord. See Multi Tech,, Inc. v. Mitchell Mgt. Sys., Inc., 25 Mass.App.Ct. 333, 335 (1988) (“Upon default under Mass.R.Civ.P. 55(b) . . . the factual allegations of a complaint are accepted as true for purposes of establishing liability; the question whether an adequate statement of a claim for relief has been made, however, remains open”).

 Typically, the Appeals Court would not decide an interlocutory appeal where there has been no Rule 54(b) determination. For reasons that are not specifically addressed, the court proceeded to hear and decide the appeal of the Ranoux arbitration confirmation. Significantly, in its decision the court noted that a “default judgment” had entered ágainst Medelle even though this was not the case. See 2015 Mass.App. Unpub. LEXIS 986 at n.2 (Oct. 20, 2015).

 A few months after Judge Hinkle’s decision, an arbitrator, addressing the breach of fiduciary duty claim against Ranoux, similarly found no misconduct because Medelle was not required to notify its shareholders of the auction under the Delaware General Corporation Law.