NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-474

J.L.

vs.

B.Z.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, B.Z., appeals from a harassment prevention order issued in favor of the plaintiff, J.L.,[1] and against B.Z., at a hearing after notice in the District Court.[2]  See G. L. c. 258E, § 3.  We affirm.

1.  Background.  Given the limited record on appeal, our summary of the background in this case is necessarily brief.  On April 16, 2024, a District Court judge issued an ex parte

---

[1] J.L. did not appear in this appeal.

[2] B.Z. also requests that we issue an abuse prevention order in his favor and against J.L.  We lack the authority to issue such an order in the first instance, however.  See G. L. c. 258E, § 2 (jurisdiction limited to Superior Court, District Court, Boston Municipal Court, and Juvenile Court).

harassment prevention order against B.Z., presumably based on the affidavit supporting J.L.'s complaint, in which J.L. averred that B.Z. had committed three or more acts of harassment against him. See G. L. c. 258E, § 1; Gassman v. Reason, 90 Mass. App. Ct. 1, 7 (2016). On April 24, 2024, a different judge held a two-party hearing after notice to B.Z. J.L. and B.Z. both appeared at that hearing. We have no transcript of the hearing, and the record does not otherwise reflect what was said, or whether any nontestimonial evidence was presented to the judge.[3] Ultimately, the judge extended the order for six months (order after notice).

2. Discussion. Putting aside any other infirmities in B.Z.'s briefing, we are unable to decide the merits of B.Z.'s claims without a transcript of the hearing after notice. B.Z. did not include this (or any) transcript in the appellate record, however.

"An appellant's obligation to include those parts of the trial transcript and copies of motions 'which are essential for review of the issues raised on appeal . . . is a fundamental and

---

[3] B.Z. represents himself on appeal. In his informal record appendix, he includes copies of police reports and text messages in English and Chinese. We are unable to determine whether any of these documents were presented to the judge who issued the order after notice.

long-standing rule of appellate civil practice.'" Cameron v.
Carelli, 39 Mass. App. Ct. 81, 84 (1995), quoting Shawmut
Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373
(1991), S.C., 411 Mass. 807 (1992) and 419 Mass. 220 (1994).
See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611
(2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637
(2019). See also Openshaw v. Openshaw, 493 Mass. 599, 611 n.21
(2024), quoting Commonwealth v. Woods, 419 Mass. 366, 371 (1995)
("The burden is on the appellant to ensure that an adequate
record exists for an appellate court to evaluate"). On appeal,
B.Z. contends that the judge "stopped [him]" before he was able
to present his defense. Without a transcript of the hearing
after notice, we cannot determine whether the judge gave B.Z. an
adequate opportunity to present his case, or whether the order
had a proper factual and legal foundation. Because we can do no
more than speculate about the merits of B.Z.'s claims on this
record, see Shawmut Community Bank, N.A., 411 Mass. at 811, we
are constrained to affirm the order B.Z. challenges. Contrast
Matter of M.C., 481 Mass. 336, 345 (2019), quoting Commonwealth
v. Bottiglio, 357 Mass. 593, 597 (1970) (record, although

3

incomplete, sufficient to permit appellate review where appellate court was not required to "resort to speculation").

<u>Order entered on April 24, 2024, extending harassment prevention order, affirmed</u>.

By the Court (Ditkoff, Hand & Walsh, JJ.[4]),

<i>Paul Little</i>

Clerk

Entered:  March 14, 2025.

---

[4] The panelists are listed in order of seniority.