NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-727

YIJIANG CHEN

vs.

BOARD OF ASSESSORS OF ACTON.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a decision of the Appellate Tax Board (board) denying the petition filed by Yijiang Chen (taxpayer) under the formal procedure to abate the fiscal year 2022 real estate taxes assessed by the board of assessors of Acton (assessors) on property the taxpayer owns in that town. Before issuing its written decision affirming the assessment, the board held an evidentiary hearing at which both the taxpayer and the assessors presented witness testimony and introduced documentary exhibits.  The taxpayer appeals, arguing that (1) the amount of the increase in the assessed value of his property

_____

[1] The board of assessors did not file a brief and has not otherwise appeared in this appeal.

as compared to other properties in the same neighborhood reflected discrimination against him, (2) the board's decision violated a Massachusetts Division of Local Services "guideline,"[2] and (3) the increase in the assessed value of his property exceeded limits set forth in Proposition 2 1/2. See G. L. c. 59, § 21C, inserted by St. 1980, c. 580, § 1.

We are unable to assess the taxpayer's arguments because he has not provided us with a transcript of the hearing before the board. See Commonwealth v. Woods, 419 Mass. 366, 371 (1995) ("The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate"). This is a case where "review of the transcript is necessary to determine whether the arguments raised on appeal are first, correct, and second, properly preserved"; without it, we are unable to determine whether these arguments were preserved or, assuming that they were preserved, to assess their merits. Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811-812 (1992), S.C., 419 Mass. 220 (1994). That the taxpayer submitted an "informal brief" and "informal appendix" pursuant to the Appeals

---

[2] The taxpayer has not provided us with a citation to this guideline, but because we cannot reach the merits of the taxpayer's argument on this record, any resulting uncertainty about the substance of the guideline is of no significance to the appeal.

Court Informal Brief Pilot Program, does not relieve him of the responsibility for providing the relevant portions of the transcript.  See Appeals Court Informal Brief Pilot Program, https://www.mass.gov/info-details/appeals-court-informal-brief-pilot-program.  Without the transcript, and on the limited record before us, we are constrained to affirm the board's decision.  See Tennessee Gas Pipeline Co. v. Assessors of Agawam, 428 Mass. 261, 262 (1998) (on appeal from decision of Appellate Tax Board, taxpayer bears burden of proving overvaluation).

Decision of the Appellate Tax Board affirmed.

By the Court (Henry, Hand & Brennan, JJ.[3]),

Clerk

Entered:  October 10, 2025.

---

[3] The panelists are listed in order of seniority.